## ROY TITUS v. STATE.

No. A-9369.　March 31, 1939.
(89 P. 2d 375.)

C. B. Leedy, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J. Appellant Roy Titus and Charley Beam were jointly charged with the crime of larceny of a domestic animal, committed in Dewey county, on or about November 21, 1935. The information charged the facts as follows:

"That the said Charlie Beam and Roy Titus, persons at and within the said county and state and on the day and year aforesaid did unlawfully, willfully, wrongfully, stealthily and feloniously take, steal and carry away, without the consent and against the will of the owner thereof, certain domestic animal, to wit: One red white-faced cow, two years old, the same being the property of Arthur Hallmark, with the unlawful, wrongful and felonious intent then and there upon the part of them the said Charlie Beam and Roy Titus, and each of them, to convert the same to their own use and benefit, and to deprive the true owner thereof, contrary to" etc.

Upon his separate trial the jury returned their verdict as follows:

"We, the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths, find the defendant, Roy Titus, guilty of the included offense of attempted larceny of a domestic animal as charged in the information, and assess his punishment at imprisonment in the state penitentiary for a term of nine months."

Motion for new trial was duly filed and on January 29, 1937, overruled.

From the judgment and sentence an appeal was taken by filing in this court on July 22, 1937, a petition in error with case-made.

The questions presented by this appeal are the same questions determined in the companion case of Charley Beam v. State, 66 Okla. Cr. 14, 89 P. 2d 372, opinion this day handed down. It appears from the record that all the witnesses for the state in the Beam case were called and examined for the state.

The state also called Alva C. Shelton, who testified that he was fingerprint expert for the State Bureau of Criminal Investigation; that he had been engaged as a fingerprint expert for 11 years. Handed State's Exhibit No. 7, being the axe found in the body of the dead cow, he stated he had made photographs of the fingerprints on the handle of the axe and developed the same by enlargement; that State's Exhibit No. 6, fingerprints of the defendant, were enlarged by him. That the fingerprints on the handle of the axe and the fingerprints of the defendant, Roy Titus, were identically the same.

No testimony was given by the defendant, or any witness in his behalf, and both parties rested at the close of the case for the state.

The record shows that when the state rested a demurrer to the evidence was interposed, and the same was overruled. Exception reserved.

The Code of Criminal Procedure (St. 1931, §§ 3091-3097, 22 Okla. St. Ann. §§ 837, 911-916) in substance provide that a defendant may be convicted of the offense charged, or of any offense necessarily included within the charge, or of an attempt to commit the offense.

The evidence for the state established by direct testimony that the cow in question was shot and butchered in an attempt to take and steal the animal. The evidence bearing upon the question of the identity of this defendant as a participant in that attempt, while purely circumstantial, was in our opinion sufficient to warrant a conviction.

It follows that the demurrer to the evidence was properly overruled.

Another ground urged for a reversal of the judgment is a variance between the verdict and the judgment.

The judgment of the court recites: "That the defendant, Roy Titus, is guilty of the crime of larceny as charged in the information."

In the companion case we held:

"Where there is a variance between the verdict of the jury and the judgment of conviction it must appear from the record that such variance cannot be corrected without depriving the defendant of a substantial right, before a conviction will be set aside.

"Where a verdict of a jury assessing the punishment is in conformity with the law, the court must enter judgment and sentence in conformity to the verdict. Where there is a variance between the verdict of the jury and the judgment of the court, on appeal this court will remand the cause with direction to the trial court to render judgment and sentence in conformity to the verdict." Citing numerous cases.

Upon the record before us it appears that all of the proceedings had in the trial court, up to and including the verdict of the jury, were without material error, and the same are approved.

It is therefore considered and adjudged that for the variance between the verdict of the jury and the judgment of the court, the case is remanded to the district court of Dewey county with directions to the trial court to correct its judgment and sentence to conform to the verdict of the jury, and the clerk of said court is directed to issue forthwith to the sheriff of said county a commitment in accordance with the judgment of the court as entered in conformity to the verdict of the jury.

BAREFOOT and DAVENPORT, JJ., concur.