R. L. PHILLIPS v. STATE.

No. A-10766.   Sept. 24, 1947.

(185 P. 2d 239.)

Alvin C. Bruce, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.  The defendant, R. L. Phillips, was charged by information filed in the district court of Carter county with the crime of murder, allegedly committed on November 13, 1945, upon the person of one Willie Sides; the defendant was tried, convicted of manslaughter in the first degree, and his punishment fixed at 25 years imprisonment in the State Penitentiary.

Counsel for defendant filed a brief in this court on September 12, 1946, in which brief there was presented for consideration several assignments of error. Since that time no brief has been filed on behalf of the state, although an order was entered by this court on March 5, 1947, directing the state to file an answer brief within 30 days from that date. Where the brief of the defendant presents assignments of error supported by ample

legal authority and no answer brief contesting the contentions of defendant is filed on behalf of the state, this court indulges the presumption that the state is unable to find authorities to dispute the proposition of law presented on behalf of the accused.

The defendant at the time of the homicide was 59 years of age and weighed about 140 pounds. The deceased was a man 51 years of age, about six feet four inches in height and weighed about 205 pounds. Both of the parties had been friends for a long number of years and originally lived in Stephens county, Okla. The defendant had come to Carter county and secured employment for several months before the deceased asked him to assist him in finding work for himself and his family. The defendant had been married but was divorced. The wife of the deceased had died several years prior to his death. The deceased had four children, three boys and a daughter, Martha Sides, who was the youngest of the children and 15 years of age at the time of the alleged homicide. All of the parties were uneducated, tenant farmers. The proof both on behalf of the state and defendant showed that the deceased was high tempered, easily offended, and eager to fight while in that state of mind.

At the time of the alleged homicide all of the parties were living together in the same house and were doing odd jobs for farmers and ranchmen in the community where they resided. On the morning of the fatal difficulty, the defendant together with Joe Sides, one of the sons of the deceased, and Martha Sides had gone to a pecan grove to pick up pecans. About 30 minutes later the deceased and two other of his sons came to the grove. One of the sons and the daughter got into an argument when the daughter accused the son of gathering pecans in her

row. The deceased became angry at his children and started to whip his daughter with a light stick. The defendant who was picking up pecans across the fence interceded and asked the deceased not to molest the girl who he said was attending to her own business. An argument started between the deceased and the defendant, the deceased started over the fence toward defendant. Here the evidence of the state and defendant varies. The children of the deceased who testified for the state swore that the defendant came up to the fence to meet the deceased and they began grappling at the fence and it was during this encounter that the defendant struck the deceased with his knife which caused the deceased to bleed to death a few minutes later. The defendant testified that the deceased reached over the fence and got him where he was sitting on the ground picking up pecans and pulled him over against the fence. He admitted striking the deceased, but stated it was in self-defense after the deceased had cut him with his pocketknife.

The defendant was a pauper and counsel who appeared for him was appointed by the court. Prior to the appointment of present counsel for defendant, the court had appointed other counsel to represent him, but for various causes they had withdrawn from the case. Present counsel who represented the defendant was appointed three days before the trial began.

The first assignment of error is the contention that the trial court erred in permitting the state's witness, Martha Sides, to testify over the objection of counsel for defendant, that the defendant had been having sexual intercourse with her since she was eight years of age. Martha Sides was allowed to testify at length concerning various acts of sexual intercourse allegedly committed by

the defendant with her over a period of years. This particular point was very much disputed and many witnesses were questioned by the state and counsel for defendant trying to prove or disprove this issue. A reading of the record discloses that almost as much evidence was devoted to the issue of whether the defendant had been having sexual relations with Martha Sides and also with her alleged relations with other parties as was devoted to the facts and circumstances surrounding the alleged murder. This was a collateral issue and should not have been injected into the case.

This court has many times stated that where defendant is upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and evidence of other offenses than the one charged is admissible only when it has some connection with the offense charged. Stanfield v. State, 30 Okla. Cr. 82, 235 P. 256; Frazier v. State, 31 Okla. Cr. 322, 239 P. 186; Michelin v. State, 66 Okla. Cr. 241, 90 P. 2d 1081; Nemecek v. State, 72 Okla. Cr. 195, 114 P. 2d 492, 135 A. L. R. 1149; Bunn v. State, 85 Okla. Cr. 14, 184 P. 2d 621.

There are certain exceptions to the general rule above stated and we have held that evidence of other offenses may be admitted, where they are a part of the res gestae, or a part of a systematic scheme or plan so related to each other that the proof of one tends to establish the other, or to show the unlawful intent on the part of defendant where such intent is an issue in the case.

In Bunn v. State, supra, this court stated:

"Before evidence of other offenses may be admitted against the accused to show a common scheme or plan or intent, such other alleged offenses must not be remote as

to time and there must be a visible connection between such other alleged offenses and the charge alleged against the accused in the information.

"The fact that one person may commit similar crimes does not justify the admission of the other offenses if they are independent of each other. Where the trial court cannot clearly see a visible connection between the alleged other offenses to the one charged, he should refuse to admit the other offenses in evidence. If the trial court is uncertain as to the admissibility of such evidence, he should give the benefit of such doubt to the defendant, as it is manifestly unfair to the accused to force him to prepare to defend himself against any collateral crime other than the one charged against him in the information."

It is our opinion that the court committed reversible error in admitting the testimony of Martha Sides concerning the alleged commission of rape by the defendant on her. Such testimony served to inflame the minds of the jury and in all probability tended to turn them from the real issues in the case.

With this conclusion established, it is unnecessary for us to discuss the other assignments of error presented in the brief of counsel for defendant, as these assignments are directed to matters which will not occur upon a retrial of the case. Among these assignments of error are the following: That the court erred in forcing the defendant to trial without giving his counsel adequate time for preparation; the court erred in overruling the motion for new trial on the ground of newly discovered evidence material to the defense which counsel with reasonable diligence was unable to have and produce at the trial. Counsel for defendant make the further contention that even though this court should decide that no one of his propositions might be reversible error, that when they are considered altogether, to wit: forcing defendant to trial

within three days after counsel was appointed for him in a capital case, the admission of the evidence of rape allegedly committed at various times with a daughter of deceased, and certain treatment of the witnesses for the state by the county attorney which facts were not known until after the trial was had, all showed that the defendant had not been given a fair and impartial trial guaranteed him under the Constitution and statutes of the state.

As above noted, it is unnecessary to consider these assignments of error other than the one we have discussed at length. We merely repeat them in this opinion so that the trial court may be advised as to the contentions which were presented on appeal so that such questions could be avoided if another trial is had.

For the reasons hereinabove stated, the judgment and sentence of the district court of Carter county is reversed and the case is remanded with instructions to grant the defendant a new trial.

BAREFOOT, P. J., and BRETT, J., concur,