# WASHBURN v. STATE.

No. A-11025.   Jan. 11, 1950.

(213 P. 2d 870.)

Kelly & Townsend, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, L. W. Washburn, was charged by a complaint filed in a justice of peace court in and for the district of Frederick in Tillman county, Okla., with the offense of fishing the waters of the state without first having procured a license, was tried, convicted, and sentenced to pay a fine of $10, and the de-

fendant appealed to the county court where the case was tried de novo. He was again convicted in the county court and his punishment fixed at a fine of $10, and an appeal was taken from said judgment to this court.

Counsel for the defendant have filed a brief in support of the many assignments of error. This case was set for oral argument and submission on April 16, 1949. At that time the Attorney General expressed doubt as to whether in view of the weight of the authorities cited in support of the defendant's contentions that the state would file an answer brief, but requested an extension of fifteen days from that date in which to file said brief in case they desired to do so. No brief has been filed on behalf of the state, and we assume from the failure of the state to file a brief in answer to the authorities cited by the defendant that the state feels that there is reversible error in the record.

We think the Attorney General is correct in his conclusion. Under our view of the case, it is unnecessary to discuss each of the assignments which are separately presented, as it is only necessary to discuss the question that the evidence is insufficient to support the conviction.

The evidence of the state showed that two game rangers while patrolling saw five men seining in an old slough from a distance about 100 yards away. This slough was in a depression on land of Elmer Taylor nearly a mile from Red River. The men were in the water and the rangers testified that they could tell that there were only five of them, but by looking through their field glasses, they were not able to recognize any of the people in the water doing the seining. Instead of going to the slough immediately, the rangers decided to block the old

road which led from the slough to the main traveled road so as to trap the fellows as they left the scene of their seining operations. Later, an automobile, which was occupied by six men and a boy, came from the direction of the slough. The car was stopped at the road block and searched by the rangers which disclosed a seine and an old towsack containing twelve fish which one of the rangers described as being hickory shad and the other described as being carp and shad. The occupants of the car were asked to show their fishing licenses, but only four of them had licenses. The defendant was one of those who did not display a fishing license. The defendant's clothes were dry, and the rangers testified that if he had been engaged in seining, he had changed his clothes because the clothes he had on gave no evidence of having been in the water. Defendant was not the driver nor the owner of the automobile.

The sheriff of Tillman county testified for the state that the slough which was being seined belonged to him and that he had given permission to T. C. Coombs to fish it. He further testified that he had no objections to anybody seining the slough; he stated that he had owned the place for 25 years and that during that period of time Red River had overflown four or five times to where the overflow reached the slough, and fish in the slough could have passed back and forth from the river to the slough during the overflow; that during the time of high water, there would be a period of from 12 to 36 hours when there would be an overflow that would enable fish to swim from the river to the slough and vice versa.

We do not think that the circumstantial evidence of defendant being in the car was sufficient to convict him of this offense. It is conceded that there were two pas-

sengers in the automobile who were not engaged in the seining.

Furthermore, the evidence of the state failed to show that the waters in which the alleged fishing occurred were public waters subject to regulation by the Legislature under the exercise of police power.

In the case of Newman v. Ardmore Rod & Gun Club, 190 Okla. 470, 125 P. 2d 191, 192, the Supreme Court of Oklahoma stated:

"Plaintiff's lakes are entirely enclosed by its own land and are not located on a stream where fish may freely pass to and from other waters. In such case the fish, while yet uncaught, it is said constitute the private property of the owner of the lake; that the public is entirely without interest in the lake or in the fish, and that the Legislature cannot touch the same under the guise of police power. This is supported by the text in 26 C. J. 599, wherein it is said: 'The right of fishing in a small lake or pond inclosed by the owner's land and having no communication through which fish are accustomed to pass to other waters belongs exclusively to the owner thereof; but it has been held otherwise as to lakes having outlets to other waters through which fish are accustomed to pass.' See, also, 22 Am. Jur. 699. * * *

"We therefore hold that the statute in question does not purport to authorize the commission to regulate fishing seasons in private lakes of this character where the fish are not free to pass in waters to and from the same."

We do not believe that the fact four or five times during a period of 25 years there was an overflow which lasted for a few hours which would have permitted fish to have passed from the slough to the waters overflowing the land was sufficient to authorize the court to conclude that the slough was of such a public character that the fish were free to pass to and fro from the same so as to authorize regulation of its fishing by the state.

The slough did not have an outlet through which fish were accustomed to pass to other waters. It was not on a stream. As a private pond entirely enclosed by the owner's land, it was not subject to regulation by the state.

The statute under which this prosecution was brought recognizes the lack of control which the state has over the fishing in private landlocked lakes. Tit. 29 O. S. 1941 § 67, provides:

"It shall be unlawful for any resident of the State of Oklahoma sixteen (16) years of age or older to fish in any manner without first having applied to and secured from the State Game Warden or his authorized agents, an annual fishing license. Said license shall be obtained at a cost of $1.25, of which said sum $1.00 shall be paid into the State Treasury to the credit of the Game Protection Fund, and twenty-five (25¢) cents to be retained by the person issuing such license. A license so secured shall not be transferable to any other person. The holder of said license shall be entitled to fish in any waters of this State, other than those privately owned."

The judgment and sentence of the county court of Tillman county is reversed and the defendant discharged.

BRETT and POWELL, JJ., concur.