## BUSH v. STATE.

No. A-11242.   Jan. 3, 1951.

(226 P. 2d 445.)

Frank Leslie, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error Wesley Bush, defendant in the trial court, was charged in the court of common pleas of Tulsa county, Oklahoma, with the offense of the unlawful transportation on the streets of Tulsa, Oklahoma, on January 23, 1949, of 1/5 of Bourbon Supreme, 1 pint of Seagrams 7 Crown, and 1 pint of Belmont tax-paid whisky. The defendant was tried by a jury, convicted as charged in the information, and his punishment fixed at 30 days in jail and a fine of $200. Judgment and sentence, however, was entered by the court, not for unlawful transportation of intoxicating liquor but the offense of "unlawful possession of intoxicating liquor".

Counsel for defendant filed his brief herein on May 24, 1950, in which brief he presented assignments of error hereinafter considered. At said time the State of Oklahoma was ordered and directed to file a brief within 20 days after May 24, 1950. No brief appears to have been filed on behalf of the state. Where the brief of the defendant presents assignments of error supported by legal authority and no answer brief contesting the contentions of the defendant is filed on behalf of the state, this court indulges the presumption that the state is unable to find authorities to dispute the propositions of law presented on behalf of the accused. Phillips v. State, 85 Okla. Cr. 81, 185 P. 2d 239.

The defendant bases his appeal herein on three grounds. His first contention is that he was convicted on the uncorroborated testimony of a former deputy sheriff who has been convicted of a felony. This, however, if true, does not appear from the record now before us.

For that reason we will not be justified in considering it. Moreover, in any event, it would only go to the witness' credibility and would not constitute a bar to his testifying. The record, however, shows that the defendant offered no evidence in his behalf. Therefore, the state's evidence, constituting as it does the sole evidence of the defendant's guilt in the case and not being contradicted or impeached, is entirely sufficient. In substance, the officer testified that he had a search warrant for the defendant's car which he was driving down the streets of Tulsa. He pursued the car and the defendant being cognizant of the pursuit threw whisky bottles out of his automobile, as a subsequent examination disclosed in the broken bottles strewn up and down the street and their remaining contents. Finally the defendant stopped, and the warrant being served, a search of his automobile disclosed the quantity of liquor hereinbefore set forth. The evidence under the conditions herewith presented is entirely sufficient to sustain the conviction.

Next, the defendant contends that the $200 fine is excessive. We believe this contention is wholly without merit, so wholly without merit as to not warrant discussion. Especially would this be true, if the judgment had been entered for unlawful transportation of intoxicating liquor, since the sentence is within the penalty of the law against unlawful transportation or conveying intoxicating liquor, Title 37, § 1, O.S.A. 1941. The fact the judgment was not so entered brings us to the only proposition of merit in this case.

Finally, the defendant contends that there is a fatal variance between the charge as laid in the information and the judgment and sentence, which renders the judgment and sentence void. The defendant was properly sentenced for the crime charged against him in the in-

formation, but the person who prepared the formal journal entry of judgment and sentence inadvertently typed the crime for which sentence was pronounced as being for "unlawful possession of intoxicating liquor", instead of "unlawful transportation of intoxicating liquor." Such, however, is not sufficient ground for the court to set aside the conviction in the absence of substantial prejudice to the defendant's rights, but constitutes grounds for remanding of the case, with directions for the rendition of a judgment and sentence in conformity with the verdict. Titus v. State, 66 Okla. Cr. 1, 89 P. 2d 375, wherein it was said:

"Where there is a variance between the verdict of the jury and the judgment of conviction, it must appear from the record that such variance cannot be corrected without depriving the defendant of a substantial right, before a conviction will be set aside.

"Where a verdict of a jury assessing the punishment is in conformity with the law, the court must enter judgment and sentence in conformity to the verdict. Where there is a variance between the verdict of the jury and the judgment of the court, on appeal this court will remand the cause with direction to the trial court to render judgment and sentence in conformity to the verdict."

Upon the record before us it appears that all the proceedings had in the trial court, up to and including the verdict of the jury, were without material error and the same are approved.

It is therefore ordered and directed that for the variance between the verdict of the jury and the judgment of the court, the case is remanded to the court of common pleas of Tulsa county with directions to the trial court to correct its judgment and sentence to conform to the verdict of the jury, and the clerk of said court is

directed to issue forthwith to the sheriff of said county a commitment in accordance with the judgment of the court in conformity with the verdict of the jury.

JONES, P. J., and POWELL, J., concur.