## FITZGERALD v. STATE.

No. A-11749. July 1, 1953.

(259 P. 2d 333.)

Orval Grim, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Raymond Fitzgerald, defendant below, was charged by information in the county court of Beckham county, Oklahoma, with being in unlawful possession of 6 one-half pints of Sunny Brook whiskey, 2 one-half pints of Seagrams 7-Crown whiskey, 3 one-half pints of Log Cabin whiskey, 3 pints of Hill & Hill whiskey, 8 pints of Ancient Age whiskey, 2 pints of Yellowstone whiskey and 7 quarts of White Rose wine on or about December 23, 1950 in said county and state, with the unlawful intent of selling, bartering,

giving away or otherwise furnishing the same contrary to law. A jury was waived and the case tried to the court, the defendant found guilty and his punishment fixed at $150 fine and 30 days in jail and judgment and sentence entered accordingly, from which this appeal has been perfected.

The record herein discloses that the case-made contains no motion for new trial. The presumption is that no motion for new trial was filed. Under such state of the record this court is without jurisdiction to determine the issues herein involved, for it has been repeatedly held that where no motion for new trial or notice of intention to appeal from the judgment and sentence entered, this court will not consider the same. Jackson v. State, 86 Okla. Cr. 420, 193 P. 2d 895, 896:

"The Criminal Court of Appeals will only consider those questions which are incorporated in the motion for new trial and thereby submitted to the trial court for its ruling thereon, excepted to, and afterwards assigned for error, unless the question is jurisdictional."

Since we must assume that no motion for new trial was filed, it clearly appears that this court is without jurisdiction to consider the objections raised in the petition in error.

Nevertheless, in the event a motion for new trial was filed but inadvertently omitted from the case-made, an examination of the defendant's contentions herein discloses the following facts clearly establishing the lack of merit in the defendant's contention therein, even if they had been incorporated in a motion for new trial.

The first proposition is that the court erred in overruling the plaintiff in error's motion to suppress the evidence. It was alleged that the evidence herein was obtained by means of an illegal search and seizure in that the affidavit of complaint on which the search warrant was based was wholly insufficient for the reason it was based upon mere information and belief. An examination of the affidavit for search warrant discloses that this contention is wholly without foundation, and was predicated not upon information and belief, but upon the positive observations of the officer who made the search of said premises prior to the issuance thereof, to the effect that though the place was the residence of the defendant, it was a place of public resort, that he had been observing the premises for two weeks prior to the making of the affidavit, that he had seen people enter the premises in a sober condition and leave in an intoxicated condition, and that he saw persons enter the premises empty-handed and later leave carrying sacks, packages and bags of the size and shape that indicated they contained intoxicating liquor.

The second propostion is predicated upon the proposition that this was one of three cases in which the plaintiff in error was charged for the unlawful possession of intoxicating liquor in the same term of court. He contended that the liquor became commingled so it could not be identified. To the contrary, the evidence discloses that the whiskey introduced in evidence in the case at bar was identified as having been obtained on the second search and seizure of the defendant's premises and each of said bottles so obtained was marked with a No. 2 and the defendant's name, which indicated that the said 13 and a half pints of whiskey offered in evidence was whiskey that was obtained in the said second raid.

This is a companion case to 97 Okla. Cr. 5, 256 P. 2d 477, and 97 Okla. Cr. 7, 256 P. 2d 479, wherein identical contentions were made with adverse rulings therein to the defendant herein. For all the foregoing reasons, the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.