## MATHIS v. CITY OF TULSA.

No. A-11774. July 29, 1953.

(260 P. 2d 437.)

Elmore A. Page, Tulsa, for plaintiff in error.

A. M. Widdows, City Atty., and Harry Seaton, Asst. City Atty., City of Tulsa, for defendant in error.

POWELL, P. J. In this case the appellant seeks a reversal of his conviction in the municipal criminal court of Tulsa, where he was tried by the court after waiver of jury trial, and found guilty of unlawful possession of intoxicating liquor, and assessed a fine of $94 and costs, plus 30 days in jail.

For reversal Hershel Mathis, who will hereinafter be referred to as defendant, in petition in error and brief, sets out and argues a number of alleged errors, only two of which we shall notice here.

The defendant, three days prior to date of trial, filed a motion to suppress the evidence allegedly obtained by an unlawful search and seizure. The court refused to entertain the motion and summarily overruled it, stating: "I think after you have been arraigned and ask for a jury and everybody is ready for trial, and then ask that a jury be waived, and it is set down, I think the Criminal Court of Appeals will say that is too late for a motion to suppress. The motion

is overruled." Defendant excepted to the ruling of the court, and when the case came on for trial objected to the introduction of any evidence on the ground of the invalidity of the search warrant and affidavit on which it was based. The search warrant was objected to because it did not bear the "return" of the officer serving it, but it was within the power of the court to have permitted the officer to even at the time of trial make and affix his return. Patterson v. State, 67 Okla. Cr. 98, 92 P. 2d 1079; Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185; Williams v. State,, 95 Okla. Cr. 131, 240 P. 2d 1132. However, the affidavit for the search warrant was not sworn to and for such reason could not have properly formed the basis for the issuance of the subsequent search warrant. Tit. 22 O.S. 1951 § 1224; Bowdry v. State, 60 Okla. Cr. 46, 61 P. 2d 31; Hensley v. State, 53 Okla. Cr. 22, 3 P. 2d 211.

The defendant claims that the summary overruling of motion to suppress under the doctrine of Mayberry v. State, 62 Okla. Cr. 183, 70 P. 2d 1106, and Mendenhall v. State, 82 Okla. Cr. 220, 168 P. 2d 138, standing alone is sufficient to cause the reversal of this case. Counsel for the city of Tulsa has not contended otherwise.

But aside from this, the search warrant being defective, the search could only be justified by a lawful arrest without a search warrant. The trial court was of the opinion that if the search warrant was defective, which he held was not the case, still, the search was valid by reason of the commission in the presence of the officers of a misdemeanor, which entitled and required the officers to make the arrest.

Only one witness actually testified in the case; Officer Ray Jones, a colored officer, who on direct examination by the city attorney testified that he and another officer were watching the alley in the rear of 109 South Cincinnati; that defendant stopped back of the hotel, got out of the car and as he opened the door witness saw some brown packages on the back seat of the car that he considered was whiskey, and he then arrested the defendant. That he and Sergeant Livingston had a search warrant, that it was nighttime and that when the defendant drove in the alley they entered behind him from the south and other officers drove in from the north to block his exit. Witness stated: "He [defendant] opened the door. We walked up and Sergeant Livingston served him with the search warrant."

The prosecution then produced as a witness Jim Harp. He was not further identified as to whether he was an officer or just who he was. The city attorney asked: "Will your testimony be the same as Mr. Jones?" He answered "Yes" and was then excused and the State rested. Defense counsel then announced that he would like to put on some evidence, would like to use officer Jones. The case was then continued from the 14th day of March, 1952, to the 18th day of March, 1952, at which time defense counsel offered the affidavit for search warrant, and the warrant, and made officer Ray Jones his witness.

Officer Jones testified that he and Officer Livingston had information that the defendant would make delivery of some whiskey to the St. Elmo Hotel; that they saw him drive in the alley to the rear of the hotel and they followed him from the south and signaled the other officers who blocked the exit from the north. Witness further testified:

"Q. You had a search warrant, you or the other car? A. Sergeant Livingston. Q. Was he with you? A. Yes, sir. Q. Did both of you get out of the car? A. Yes, sir. Q. Did Mr. Mathis get out of the car? A. I testified that he did; Sergeant Livingston said he didn't; I don't know. I was of the opinion he did. Q. Who served the search warrant on him? A. Sergeant Livingston. Q. At that time he was still in his car? A. I though he was outside the car. I still think he

was standing beside the car. Q. Did you go to the car first, or did Mr. Livingston go to the car? A. We were together. I walked up while he handed the warrant to Slim. I began looking there. Q. He handed Slim the warrant, you looked in the car? A. Yes. Q. That is when you observed this whiskey? A. Yes. Q. That is when you began the execution of your search? A. Yes. Q. And with the search warrant? A. That is right."

Thus, we find the only witness that testified for the state modifying his statement that he saw brown packages in the back seat of the car prior to the serving of the search warrant, because he states his fellow officer who actually served the warrant and whom the city did not see fit to have testify, insisted that he served the warrant on the defendant, prior to the time he got out of the car. The witness cast doubt and effectively nullified his previous testimony for the state, so that the state did not meet the burden imposed. An analogous principle is involved in the case of Clark v. State, 65 Okla. Cr. 56, 82 P. 2d 844, where two state witnesses testified and one testified on a material point one way, and one the opposite. See, also, Brady v. State, 91 Okla. Cr. 367, 219 P. 2d 267. The evidence was therefore insufficient to show that the officers. were aware of a crime being committed in their presence prior to the search of the car of the defendant and the discovery of the liquor in question. Tit. 22 O.S. 1951 § 196(1) ; Jones v. State, 82 Okla. Cr. 91, 166 P. 2d 443. But the defendant did not demur to the evidence or move that judgment be entered in his favor.

It must be noted that the information was filed in the trial court on the 26th day of September, 1951, and by the delaying tactics too often employed by counsel for a defendant the case was not tried and finally disposed of until March 21, 1952; the record and petition in error were filed in this court on May 15, 1952, and a brief was due on June 15, 1952, and thereafter subjected the case .to motion by the city attorney for dismissal, but no motion was filed. The case was set for oral argument for December 17, 1952, and submitted on the record. On December 18, 1952, defendant filed a brief. The city of Tulsa has not filed a brief or shown any interest in the case, but has been in default for nearly nine months. Such facts amount to a tacit. confession of error on the part of the city. Bossert v. City of Okmulgee, 97 Okla. Cr. 140, 260 P. 2d 429 ; Braun v. City of Delaware, 37 Okla. Cr. 334, 258 P. 284. If the defendant had promptly filed his brief and insisted on reversal of the case by reason of the inattention, noninterest and failure to prosecute on the part of the city of Tulsa after it had been in default, up to the time of setting for oral argument, we would have given such motion serious consideration. But the defendant was in no better shape.

The case is reversed and remanded, with directions to dismiss.

JONES and BRETT, JJ., concur.