Charles Frederick BANKS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12149.

Criminal Court of Appeals of Oklahoma.

June 22, 1955.

Sid White, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Ass't Atty. Gen., for defendant in error.

POWELL, Judge.

Involved herein is an appeal by petition in error and transcript from the court of common pleas of Oklahoma County. Tit. 22 O.S.1951 § 1060. What constitutes the record of the action in any case is enumerated in Tit. 22 O.S.1951 § 977. Two requirements were omitted from the transcript in this case, to wit: A copy of the minutes of the trial, and the charges given and refused and the endorsements thereon.

The defendant, Charles Frederick Banks, was charged with the offense of driving a motor vehicle on a highway while under the influence of intoxicating liquor. The jury returned a verdict of guilty and fixed the punishment to be a fine of $25. The costs amounted to $43.75. The jury recommended that the fine be suspended, and the trial court followed the recommendation, though he, of course, was not bound so to do.

The object of the appeal under the circumstances is an attempt by defendant to avoid forfeiture of his driver's license. By the provision of Tit. 47 O.S.A. § 93, it is mandatory that a person convicted under such statute "shall have his driver's license revoked for a period of twelve (12) months by the Commissioner of Public Safety of the State of Oklahoma."

For reversal of the case, two propositions are advanced:

(1) That the court erred in overruling plaintiff in error's demurrer to the information.

(2) Complaint is made of the fact that whereas the case was tried by a jury on a plea of not guilty, the judgment and sen-

tence filed actually recites that the defendant plead guilty.

Considering the sufficiency of the information, we quote the pertinent portion:

"* * * that heretofore, to-wit: on the 16th day of May, A.D.1954, in Oklahoma County, State of Oklahoma, Charles Frederick Banks whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and wrongfully commit the crime of operating a motor vehicle while under the influence of intoxicating liquor in the manner and form as follows, to-wit: That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully run, drive and operate a 1936 Chevrolet Coupe motor vehicle bearing 1954 Oklahoma License No. 1–42269, at and upon East Reno Street from an unknown point to a point ½ mile west of Air Depot Road on East Reno Street, adjacent to Oklahoma City, in said county and State, while under the influence of intoxicating liquor; contrary to the form of the statutes * * *," etc.

Defendant's demurrer to the above information in part reads:

"* * * that said information does not state facts sufficient to constitute a public offense;

"That the same is not sufficiently definite and certain to enable him to defend."

The minute of the trial court for September 1, 1954, recites:

"Case comes on for trial, defendant granted leave to file demurrer to information, demurrer overruled and defendant excepts, defendant re-enters plea of not guilty."

No written order signed by the court overruling the demurrer in question appears in the transcript, and we do not know whether defendant urged the matters here complained of or not. Counsel now says:

"Now, in the first place, the demurrer to the information should be sustained.

It attempts to charge by way of describing the public highway upon which the automobile was operated 'at and upon East Reno Street from an unknown point to a point one-half mile west of Air Depot Road on East Reno Street'. If the court takes judicial notice of named streets, which I doubt, it likewise takes judicial notice that there are no *street* adjacent to Oklahoma City traveled by the general public. The nearest approach this court has made in a strained effort to justify crippled informations as sufficiently defining the thoroughfare is where the operation is charged to have been made upon a street of a named city or town. By authority of Chandler v. State, [96 Okl. Cr. 344] 255 P.2d 299, I insist that there was never any information on file herein sufficient to invoke the jurisdiction of the court.".

The information was filed under authority of Section 93 of Title 47 O.S.A.; the pertinent portion reading:

"It shall be unlawful for any person who is under the influence of intoxicating liquor * * * * to operate or drive a motor vehicle on any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the County Jail for a period of time not more than one (1) year, or by a fine of not more than Five Hundred ($500.00) Dollars or by both such fine and imprisonment, *and shall have his driver's license revoked for a period of twelve (12) months by the Commissioner of Public Safety of the State of Oklahoma.*"

In Chandler v. State, 96 Okl.Cr. 344, 255 P.2d 299, 302, relied on by defend-

ant, in support of his theory that the information is insufficient, it was held that the allegation that the defendant operated an automobile on the " 'Guthrie Short Cut' ", was not sufficient to charge the operation of a motor vehicle on a highway.

In the body of the opinion this court said:

"The essential elements of an information charging an offense under the statute here involved are: (1) the driving of a motor vehicle, (2) on a highway, as defined by statute, (3) the operator must be under the influence of intoxicating liquor.

"In considering this information to determine whether these three essential elements are included in the allegations of such information, it is readily apparent that the first and third essential elements are present, but nowhere in said information is it alleged that the defendant drove such automobile on a highway. It is not even set forth in the caption where the offense is named. The word highway is not used and there is no word synonymous with highway, such as thoroughfare, driveway, street, passageway or any other word used anywhere in the information from which this court could reasonably infer that the place where the defendant allegedly drove the automobile was on a highway."

In the Chandler case it is seen that this court considered "street" synonymous with "highway". An examination of Words and Phrases, Black's Law Dictionary, Roget's International Thesaurus, and other dictionaries will reveal support for such conclusion. In Lamkin v. State, 136 Tex.Cr.R. 99, 123 S.W.2d 662, the Texas Court of Criminal Appeals held that the term "street" as ordinarily used is a public thoroughfare and highway, although all "highways" are not "streets".

See also Herbert v. City of Richland Center, 264 Wis. 8, 58 N.W.2d 461; Wray v. Norfolk and Western Ry. Co., 191 Va. 212, 61 S.E.2d 65; Sachs v. City of Sioux City, 109 Iowa 224, 228, 80 N.W. 336.

The county attorney in order to circumvent such contention as has been raised in this case would have been wise in alleging that "East Reno Street" was a street in Oklahoma City, and was a public highway. We do not have the slightest doubt, however, as to the sufficiency of the information to apprise the defendant of the charge against him and of the issues which he would have to meet.

As pointed out by the Attorney General in Argo v. State, 88 Okl.Cr. 107, 200 P.2d 449, 450, this court held:

"The gist of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

Considering defendant's second proposition of error, a careful examination of the transcript attached to the petition in error reveals, as contended by defendant, that the judgment does recite that the defendant plead guilty to the charge and that such recitation is contrary to the minutes of the court and the record of the trial. Defendant in fact was tried before a jury on a plea of "not guilty".

We note from the photostat and certified copy of the "Judgment and Sentence Suspended" that this was a printed form prepared and used by the county attorney with numerous blanks for the purpose of filling in to fit the facts of the particular case. The statement complained of constituted a portion of the printed form and of course should have been deleted and stricken and there should have been substituted therefor a statement to the effect that the defendant upon arraignment had entered a plea of "not guilty" and had been tried before a jury and that the jury had returned a verdict of guilty and had assessed punishment at a fine of $25.

This court has in the past had before it situations where there were clerical or typographical errors in journal entries of judgments. We have simply ordered the correction of such judgments to speak

the truth as disclosed by the record. Defendant has failed to point out where such procedure could deprive him of any substantial right, nor can we think of any right that would be violated. The proposition advanced is without merit. See Titus v. State, 66 Okl.Cr. 1, 89 P.2d 375; Beam v. State, 66 Okl.Cr. 14, 89 P.2d 372, and cases cited; Moore v. State, 97 Okl.Cr. 187, 260 P.2d 410, certiorari denied 347 U.S. 978, 74 S.Ct. 790, 98 L.Ed. 1117.

It is therefore ordered that the court of common pleas of Oklahoma be directed to correct its judgment and sentence to conform to the verdict of the jury and the record in the case, so as to recite that upon arraignment on the charge that the defendant entered a plea of "not guilty" was thereafter tried before a jury, and that the jury returned a verdict of "guilty" and assessed punishment at a fine of $25.

The judgment and sentence as thus corrected is affirmed.

JONES, P. J., and BRETT, J., concur.