Lester E. GREEN, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12636.

Criminal Court of Appeals of Oklahoma.

Dec. 17, 1958.

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Lester Earl Green was charged by information filed in the court of common pleas of Tulsa County with the unlawful transportation of intoxicating liquor; was tried before the court, convicted and his punishment assessed at a fine of $100.00 and costs, and to serve 30 days in the county jail.

Appeal was duly perfected to this court, although plaintiff in error did not file brief until September 9, 1958. The case had been assigned for oral argument to be heard on September 10, 1958. At that time the case was submitted, but the Attorney General was given 15 days in which to file an answer brief. Over three months have expired without the State filing an answer brief or seeking an extension of time. In fact, that matter has been specifically called to the attention of the Attorney General.

Plaintiff in Error has filed a persuasive brief. We have carefully read the record.

There was a close fact question at hearing to support defendant's motion to suppress the evidence. Only the arresting officer and the defendant testified.

The officer's excuse for stopping defendant, who was driving a new 1958 Ford car, was to check lights and brakes, and driver's license. No traffic violation or law violation of any kind was charged as having taken place in the officer's presence. The officer saw a blanket in the back of the car. It actually covered lugs of whiskey, but it required lifting the blanket to so discover. But the officer thought he could smell liquor, and that such gave him the right to lift the blanket and make the search. No broken bottles were found nor were there leaking bottles. Defendant claimed the search was the result of subterfuge. A number of cases highly persuasive are cited.

In paragraph 9 of syllabus by the court, we said in Louis v. State, 92 Okl.Cr. 156, 222 P.2d 160, 161:

"Where defendant files brief, citing numerous authorities, to sustain assignments of error, and counsel for state files no brief, such action by counsel for state will be treated as a confession of error."

See also Washburn v. State, 90 Okl.Cr. 306, 213 P.2d 870–871, 15 A.L.R.2d 751; Bush v. State, 93 Okl.Cr. 188, 226 P.2d 445; Mathis v. City of Tulsa, 97 Okl.Cr. 152, 260 P.2d 437.

This case is therefore reversed and re manded, with directions to dismiss.

BRETT, P. J., and NIX, J., concur.