William M. RAPP, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13761.

Court of Criminal Appeals of Oklahoma.

April 27, 1966.

James E. Pohl, Checotah, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by William M. Rapp, hereinafter designated as defendant, who was convicted by a jury in the district court of McIntosh County, on a charge of concealing and removing mortgaged property, after former conviction of felony. In keeping with the verdicts returned, the court sentenced defendant to a term of ten years in the state penitentiary.

Counsel's brief filed herein is styled, "Brief of Plaintiff in Error—Action to reduce Sentence."

The evidence of the State disclosed that this defendant, prior to July, 1963, opened an account with the Vandiver Hardware store in Checotah, McIntosh County, Oklahoma, and made certain purchases, and payments. That on January 24, 1964, in order to get his payments on one note, he executed a note in the sum of $584.40, covering the balance due at that time, and signed a "security agreement" or chattel mortgage to secure the note, and covering the merchandise sold to defendant, and including a five-piece living room suite, a three-piece bedroom suite, and some other articles. He made some payments on the note, but was hurt, and agreed to pay the balance when he collected for his injuries, and payments were stopped.

It was also developed that "about a year before the trial", or about in May, 1964 defendant sold the living room suite and the bedroom suite to one Albie Short, who lived on Route 1, Eufaula, in McIntosh County, for the sum of $80 cash; and nothing further was paid to the hardware store. Officers of the store filed a charge against this defendant for disposing, removing or concealing mortgaged property, and this appeal is the result of that action.

This action was commenced by the filing of a complaint in the justice of the peace court, charging defendant with "Removing and disposing of mortgaged property", and the transcript of the justice of the peace contains this notation: "On the 27th day of January, 1965, the defendant William M. Rapp, appeared in court. He waived preliminary hearing and asked to be bound to District Court."

The information filed in the district court on January 28, 1965 charged the defendant with having, on or about June 1, 1964 "removed and disposed of" certain described personal property, covered by a security agreement duly filed of record in McIntosh County, by concealing, selling or disposing of said property "beyond the limits of McIntosh County, Oklahoma."

Thereafter, on April 22, 1965 the county attorney attached to the information a charge of prior convictions of defendant.

The case came on for trial on May 10, 1965, and the minute shown in the case-made before us shows:

"Said case being called, both sides announce ready for trial. A jury was drawn, impaneled and sworn to try said case. The rule is waived by all parties.

"Whereupon, opening statement on behalf of the State was made to the jury by Mr. Webb. The opening statement on behalf of the defendant was made to the jury by Mr. Phol, which opening statements are omitted from this case-made by agreement of counsel."

Thereupon the State put on its evidence. The trial resulted in the jury finding the defendant guilty as charged, and also guilty after former convictions; and fixing his penalty at ten years in the State Penitentiary. Appeal was duly filed in this Court.

In the motion for new trial filed and overruled in this case, three errors are mentioned, only two of which are named in the petition in error. Counsel sets out five errors in the petition in error, which he argues in his briefs under three heads.

In his motion for new trial, counsel states: "It was error for the *defense* to allow the county attorney to amend the information immediately before trial, in as much as no adequate defense could be prepared in time."

In his petition in error he contends "That the court erred in overruling defendant's motion for a new trial on the grounds that the plaintiff amended the information immediately before trial so that no adequate defense could be prepared in time. That such error was prejudicial to the rights of this plaintiff in error."

Counsel in his brief states that immediately before the trial, in the judge's chambers, the words "beyond the limits of McIntosh County, Oklahoma", were stricken from the information. The case-made shows a line drawn through these words, thusly: "beyond the limits of McIntosh County, Oklahoma." It also seems that the charge was changed from "removed and disposed of", to "concealed or disposed of", but there is nothing in the record to indicate when or where these changes or amendments were made, and there is nothing to indicate that the defendant objected to this, or any other amendment to the information, before or at the time of going to trial.

Counsel cites two cases in support of his contention, viz: Rich v. State, 46 Okl.Cr. 242, 284 P. 903; and Anthony v. State, 55 Okl.Cr. 260, 28 P.2d 1115. In both of these cases the information was amended after the trial began, and in both cases on appeal this Court held that the trial court committed no error in permitting the amendments. Both cases were affirmed.

918

Counsel states that although the amendments were performed in the presence of the district judge, the county attorney, and the defense counsel, prejudice did result; that the amendments substantially prejudiced the rights of the defendant by denying him an opportunity to prepare a new defense based on the amended information.

In his argument counsel states:

"The entire case of the county attorney was founded on the belief that the defendant removed the property beyond the limits of McIntosh County. When the county attorney learned that this was not so, he knew his information was defective and rather than proceed in a legal manner to correct this error, he forced the change at such a time that the defense counsel had no choice but to accept the change even though the defense was built on the original information."

There is no claim of surprise in the amendments. This defendant was not unfamiliar with court procedure, and he also knew that the household goods involved in this action had been sold to a resident of McIntosh County, who testified that he paid defendant cash for the merchandise; and also testified that he helped defendant move other property to the home of defendant's father.

As shown by the record before us, at no time did the attorney for defendant object to the amendments to the information, file a motion to quash, file a demurrer to the information, did not ask for a preliminary hearing on the question of second and subsequent offense; and did not claim surprise, nor did he ask for a continuance because of such amendments.

On the day before the brief of the State was filed, defense counsel filed a supplemental brief, wherein for the first time he raises the question that defendant was not given a preliminary hearing on the second and subsequent charge; and states: "In addition to the errors alleged in the plaintiff in error's brief already filed, it is contended that this lack of preliminary hearing on the second and subsequent charge was a violation of the defendant's rights." In support of this contention counsel cites the case of Carter v. State, Okl.Cr., 292 P.2d 435.

In the Carter case the defendant, before going to trial, filed a motion to quash the information on the ground that defendant had not been given a preliminary hearing as to the previous conviction charge. In that case the original complaint, as in the case at bar, contained no allegation of prior conviction, but when the information was filed in the district court defendant was charged as an habitual criminal, and before entering his plea in the district court that defendant filed a motion to quash the information. This Court sustained defendant's contention in the Carter case. However, as herein before stated, this defendant at no time made any complaint or objection concerning proceeding to trial on the information as amended.

■ It is our opinion that defendant waived all objections to such amendments when he entered his plea and proceeded to trial without timely offering those objections. Also, that the complaints now offered are not so fundamental in nature as to be prejudicial to defendant's rights to a fair and impartial trial. See Cody v. State, Okl.Cr., 376 P.2d 625.

Defendant's second contention is that the sentence rendered by the jury is excessive.

■ Where there is evidence in the record from which the jury could legitimately draw the conclusion of guilt, a judgment of conviction will not be set aside upon the ground that the evidence does not support the verdict, as the weight of the evidence and credibility of witnesses are questions for the jury. Townley v. State, Okl.Cr., 355 P.2d 420; Smith v. State, 96 Okl.Cr. 25, 248 P.2d 262; Graham v. State, Okl.Cr., 275 P.2d 1020.

■ We are of the opinion that there was ample evidence, if believed by the jury, to justify the verdict of guilty.

The defendant then complains that he was not represented by counsel at all stages of the proceedings.

 This question was not presented in the motion for new trial, and we have repeatedly held that we will only consider those questions on appeal which are incorporated in the motion for new trial, and thereby submitted to the trial court for its ruling thereon, excepted to, and afterwards assigned for error, unless the question is jurisdictional. Fitzgerald v. State, 97 Okl. Cr. 106, 259 P.2d 333; Johnson v. State, 97 Okl.Cr. 255, 261 P.2d 905; Berg v. State, 97 Okl.Cr. 320, 262 P.2d 913; and cases cited.

However, we have carefully examined the record in this case, and given every consideration to the evidence. In support of his charge of former convictions, the county attorney introduced seven judgments and convictions against this defendant. These instruments show that defendant was convicted of theft in four cases in Louisiana; convicted in the Federal court, United States District Court for the Western District of Missouri for transportation of a stolen motor vehicle; convicted for grand larceny in the State of Arkansas, and also for grand larceny in Muskogee County, Oklahoma.

While examining this record we detect a clerical or typographical error, which exists between the verdict of the jury, and the judgment and sentence; and while such error is not of sufficient nature to deprive defendant of any substantial right, we are of the opinion that the same should be corrected. This Court has in the past had before it situations where there were clerical or typographical errors in journal entries of judgment. We have simply ordered the correction of such judgment to speak the truth, as disclosed by the record. See Moore v. State, 97 Okl.Cr. 187, 260 P.2d 410; Banks v. State, Okl.Cr., 285 P.2d 455.

It is therefore ordered that the District Court of McIntosh County be directed to correct its judgment and sentence to conform to the verdict of the jury and the record in the case, so as to recite that defendant was convicted for the crime of "Concealing or disposing of mortgaged property, after former conviction of a felony"; and the clerk of said court shall be directed by said court to issue to the sheriff of McIntosh County a commitment in accordance with the judgment of the court as entered in conformity to the verdict of the jury.

The judgment and sentence as corrected is affirmed.

NIX, J., concurs.

BUSSEY, P. J., not participating.