Frank Herbert **SARSYCKI**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. C–75–179.

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1975.

Antony C. Link, Rodgers & Link, Duncan, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Frank Herbert Sarsycki, hereinafter referred to as defendant, was charged in the District Court, Stephens County, Case No. CRF–74–166, with the offense of Second Degree Burglary, After Former Conviction of Felony, in violation of 21 O.S.1971, §§ 51 and 1435. The defendant thereafter entered a plea of guilty to said charge, and was with his consent immediately sentenced to imprisonment, said punishment being fixed by the trial court to a term of ten (10) years. Subsequent thereto the defendant timely filed with the trial court an application to withdraw his plea of guilty which was upon hearing overruled. The defendant thereupon duly and timely presented a petition for writ of certiorari which this Court granted for the review of error properly assigned therein.

The sole assignment of error is that the trial court erred in denying defendant's application to withdraw his plea of guilty, because a pre-sentence investigation was mandatory under the provisions of 57 O.S. Supp.1974, § 519, and the defendant could not therefore waive the same. He does not contend that he failed to knowingly, voluntarily and intelligently enter his plea of guilty. Nor does he contend that he failed to so waive any right or interest he had in a pre-sentence investigation prior to sentencing. The record affirmatively reflects that these conditions were satisfied. Rather, the defendant now asserts that under the above statute the trial court was without authority to impose such a sentence prior to having ordered a pre-sentence investigation, notwithstanding the defendant's affirmative waiver thereof, and his plea of guilty should therefore be set aside.

The State rejects this argument, but further asserts in the alternative that if the defendant's contention is correct the subject statute is unconstitutional for the reason that thereunder the defendant is denied the constitutional right to confrontation, as well as the constitutional right to presence and representation at a critical stage of the proceedings, and represents a legislative encroachment upon the judicial department of government.

■ We need not now consider the constitutionality of the above statute, for we agree with the State that the defendant may affirmatively waive any right or interest that he might enjoy to such a pre-sentence investigation, and thereby his standing to present this issue. The statute under consideration provides as follows:

"Effective January 1, 1975, whenever a person is convicted of a felony, except when the death sentence is imposed, *the court shall, before imposing sentence to commit any felon to incarceration by the Department of Corrections, order a pre-sentence investigation to be made by the Division of Probation and Parole* of the Department. *The Division* shall thereupon inquire into the circumstances of the offense, and the criminal record, social history and present condition of the convicted person; and *shall make a report of such investigation to the court, including a recommendation as to appropriate sentence, and specifically a recommendation for or against probation.* Such reports must be presented to the judge so requesting, within a reasonable time, and upon the failure to so present the same, the judge may proceed with sentencing. Whenever, in the opinion of the court or the Division it is desirable, the investigation shall include a physical and mental examination of the convicted person. *The reports so received shall not be referred to, or be considered, in any appeal proceedings, and such reports shall be confidential with the judge so making the request; except that the portion dealing with the factual aspects of*

*the report may be reviewed by the district attorney or defendant upon proper cause, within the discretion of the judge.* (Emphasis added)

 We first observe that even if the defendant's interpretation of the above statute were correct, the validity of his plea of guilty would not be affected thereby, since, the arraignment was properly conducted without regard to a pre-sentence investigation. Hence, the asserted error could, upon remand, be cured by re-sentencing following pre-sentence investigation. Also, if the trial court had desired additional information prior to sentencing, a pre-sentence investigation could have been ordered within its discretion pursuant to 22 O.S.1971, § 982. Additionally, if either the defendant or the State wished to present evidence in mitigation or aggravation of punishment, a proper motion to do so could have been presented to the trial court under the provisions of 22 O.S.1971, §§ 973–975. Further, since the defendant was here sentenced upon at least a third felony conviction, we observe that commensurate with the recommendation of the State he received the minimum sentence provided by law, and was not eligible for a deferred sentence, nor suspension of any part of his sentence. See, 21 O.S.1971, §§ 51 and 1436, and 22 O.S.1971, §§ 991a and 991c. The defendant's assertion before the trial court that a sentencing recommendation of probation in a pre-sentence investigation report under the subject statute would take precedence over the last mentioned statutes was patently frivolous. Therefore, a pre-sentence investigation even if favorable to the defendant would not have further availed him in the instant case.

 Our decision, however, does not turn upon the above considerations. Neither are we here presented with a situation wherein the State claims rights or interests under the subject statute and resists waiver thereof. In paragraph two of the Syllabus to *Rapp v. State,* Okl.Cr., 413 P.2d 915 (1966), this Court stated:

"A defendant in a criminal case may waive any right not inalienable, given him by the Constitution or by the statute, either by express agreement or conduct, or by such failure to insist upon it in seasonable time as will operate as an estoppel to his afterwards setting it up against the state."

Also see, *Scott v. State,* Okl. Cr., 349 P.2d 47 (1960) and *Boyd v. State,* Okl.Cr., 290 P.2d 160 (1955). In view of the otherwise mandatory nature of the subject statute, we are of the opinion that in such cases the record should affirmatively reflect an intentional and knowledgeable relinquishment or abandonment of the defendant's rights or interests thereunder. However, since the defendant here clearly and affirmatively waived any right or interest he had in a pre-sentence investigation under the provisions of 57 O.S.Supp.1974, § 519, we hold that he is now estopped from asserting as error the failure of the trial court to order the same.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *affirmed.*

BRETT, P. J., and BLISS, J., concur.