Harry SPRIGNER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. C–75–797.

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1976.

Antony C. Link, Rodgers & Link, Duncan, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Harry Sprigner, hereinafter referred to as defendant, upon a plea of guilty was convicted in the District Court, Stephens County, Case No. CRF–75–109, for the offense of Grand Larceny, in violation of 21 O.S.1971, § 1704. Pursuant thereto, he was sentenced to a term of two (2) years' imprisonment. Subsequently the defendant filed a timely application to withdraw his plea of guilty which was, upon hearing, overruled. Thereafter the defendant timely filed a petition for writ of certiorari, whereafter this Court directed the State to respond.

The instant petition is predicated upon the trial court's failure to order a presentence investigation and report to be made by the Division of Probation and Parole of the Department of Corrections as provided in 22 O.S.Supp.1975, § 982.[1]

---

1. Title 22 O.S.Supp.1975, § 982, reads as follows:

"Whenever a person is convicted of a felony except when the death sentence is imposed, the court shall, before imposing sentence to commit any felon to incarceration by the Department of Corrections, order a presentence investigation to be made by the Division of Probation and Parole of the Department. The Division shall thereupon inquire into the circumstances of the offense, and the criminal record, social history and present condition of the convicted person; and shall make a report of such investigation to the court, including a recommendation as to appropriate sentence, and

The defendant maintains the provisions of the subject statute are mandatory in nature and that in the instant case the trial court's non-compliance with its provisions invalidates the defendant's plea of guilty. He does not contend that he failed knowingly, voluntarily, and intelligently to enter his plea of guilty.

We first observe that the validity of the defendant's plea of guilty would not be affected even assuming the trial court failed to comply with the statute for the reason that any asserted error could, upon remand, be cured by re-sentencing following a presentence investigation and report.[2] We next note that the subject statute specifically contemplates that a "suitable waiver" of a presentence investigation and report can be made subject to approval by the court.

In the instant case the record of the proceedings held on the 29th day of September, 1975, reflects that subsequent to the defendant's entry of his plea of guilty, the defendant effectively waived the ordering of a presentence investigation and report. The trial court had accepted the defendant's plea of guilty and thereafter set a date certain for an evidentiary hearing to be held providing an opportunity for the parties to present evidence in mitigation or aggravation of punishment as provided in 22 O.S.1971, § 973[3] and upon the trial court's inquiry all parties stated that this procedure would be satisfactory. Thus, the defendant failed to object or reassert his right to a presentence investigation and report. Such acquiescence we conclude constitutes a "suitable waiver" of the presentence investigation and report as contemplated by the subject statute. Therefore the defendant may not now be heard to complain of that which he was instrumental in causing. Also see, *Rapp v. State*, Okl.Cr., 413 P.2d 915 (1966), and *Sarsycki v. State*, supra. The defendant is thus estopped from asserting as error the trial court's failure to order the presentence investigation and report.

In passing we observe the actions of the trial court substantially complied with the purpose and intent of the subject statute. We limit this holding to the particular facts of this case.

specifically a recommendation for or against probation. Such reports must be presented to the judge so requesting, within a reasonable time, and upon the failure to so present the same, the judge may proceed with sentencing. Whenever, in the opinion of the court or the Division, it is desirable, the investigation shall include a physical and mental examination of the convicted person. The reports so received shall not be referred to, or be considered, in any appeal proceedings. Before imposing sentence, the court shall advise the defendant or his counsel and the district attorney of the factual contents and the conclusions of any presentence investigation or psychiatric examination and afford fair opportunity, if the defendant so requests, to controvert them. If either the defendant or the district attorney desires, such hearing shall be ordered by the court providing either party an opportunity to offer evidence proving or disproving any finding contained in such report, which shall be a hearing in mitigation or aggravation of punishment.

"If the district attorney and the defendant desire to waive such presentence investigation and report, both shall execute a suitable waiver subject to approval of the court, whereupon the judge shall proceed with the sentencing."

2. See, *Sarsycki v. State*, Okl.Cr., 540 P.2d 588 (1975). Although the subject statute in *Sarsycki* was 57 O.S.Supp.1974, § 519, the same principle of "remand to cure any asserted error resulting from non-compliance" would be applicable to the subject statute in the instant case for the reason that each statute's provisions would only be operative after a determination of guilt with only the trial court's sentencing function remaining.

3. Title 22 O.S.1971, § 973, reads as follows:
"After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct."

First, we observe the fact that the defendant had two prior felony convictions and thus the subject offense was his third felony conviction. The status of the subject offense thus precluded the trial court from exercising any discretion of its sentencing powers relating to probation, parole or deferred sentence as provided in 22 O.S.1971, §§ 991a and 991c. Further, we note the areas delineated by the defense counsel to be covered in any presentence investigation and report,[4] were adequately covered at the hearing on the 21st of September, 1975. The evidence at the hearing was most favorable to the defendant and the only evidence unfavorable was the State's introduction of certified copies of the judgments and sentences of the defendant's two prior convictions. We further note that the defendant received but two years under 21 O.S.1971, § 1705, which provides for a potential imposition of a sentence of imprisonment up to five (5) years. We therefore conclude the trial court in this case satisfied the purpose and intent of the subject statute. However, our decision is not founded upon these observations.[5]

We are therefore of the opinion that the facts presented in the instant case are insufficient to grant the instant petition for writ of certiorari and the relief therein requested. Thus, the petition will be denied.

For all the above and foregoing reasons the petition for writ of certiorari in the above styled and numbered cause is, accordingly, *denied*.

BRETT, P. J., and BUSSEY, J., concur.

4. The record reflects defense counsel, prior to the above mentioned acquiscence to the trial court's decision not to order a presentence report stated that it would be helpful to the court in this particular case as the defendant had a drinking problem, that the defendant was assured a job at Ridley Packing Company, and that he might reside at home wtih his mother who was sick with a heart condition.

5. We are careful to limit these observations to this particular case and we do not hold, nor in any way intend to suggest, that a hearing under 22 O.S.1971, § 973, would satisfy the mandates of the subject statute.