RICHARD EUGENE FOUNTS, Appellant, *v.* WARDEN, . NEVADA STATE PRISON, Respondent.

No. 7483

May 30, 1975                    535 P.2d 1291

*Gary A. Sheerin,* State Public Defender, for Appellant.

*Robert List,* Attorney General, and *Robert A. Groves,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant was convicted of assault with intent to commit robbery in 1966 and sentenced to a term of not less than one nor more than fourteen years in the Nevada State Prison. Subsequently granted parole, he committed several crimes in 1969, for which he was convicted and sentenced in 1970 by the Second Judicial District Court, County of Washoe. Among the crimes were three counts of robbery and one count of attempted robbery, for which he received consecutive sentences totalling fifty-two and one-half years. He was also convicted of kidnapping and sentenced to life imprisonment, which sentence was to run concurrently with the robbery sentences.

On June 9, 1972 appellant was granted post-conviction relief by the Second Judicial District Court on the theories that the 1970 sentences constituted cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution, and that defendant was erroneously sentenced for lesser included offenses. That district court ordered

all consecutive sentences be required to run concurrently. Founts appealed from that judgment, Founts v. Warden, 89 Nev. 280, 511 P.2d 111 (1973), and the State cross-appealed; however, the cross-appeal was dismissed by order of this Court on May 3, 1973, and the judgment for post-conviction relief was affirmed.

On November 7, 1972 appellant was paroled from his 1966 sentence "to consecutive sentence." On November 8, 1972, in an order by the Board of Parole Commissioners which referred to his sentence for the 1966 crime, but which incorrectly listed in its place the 1970 convictions and sentences, he was discharged "from parole and further liability under his sentence."

Contending that the judgment which was entered on June 9, 1972 required that all his sentences run concurrently, appellant petitioned the First Judicial District Court for habeas corpus relief upon the ground that his discharge by the Board of Parole Commissioners from his 1966 sentence discharged him from all of his prison sentences. After a hearing the First Judicial District Court denied his petition and this appeal followed.

The Board of Parole Commissioners obviously made a clerical error in the November 8, 1972 order of discharge when the 1970 convictions were confused with the 1966 conviction, and the Board, when it paroled appellant from his 1966 sentence "to consecutive sentence," was either unaware of or disregarded the judgment of post-conviction relief which changed appellant's 1970 sentences from consecutive to concurrent. In either event the Board of Parole Commissioners was bound by the district court judgment of June 9, 1972 which made appellant's 1970 consecutive sentences concurrent with each other and with the kidnapping sentence but consecutive to the 1966 sentence. NRS 176.035(2).[1] Cf. Collins v. Warden, 88 Nev. 99, 493 P.2d 1335 (1972).

Appellant has in fact been paroled from his 1966 sentence to the concurrent sentences, and in this appeal he completely misinterprets the judgment entered on June 9, 1972 in an attempt to effect his release.

No error was committed by the First Judicial District Court

---

[1]NRS 176.035(2): "Whenever a person under sentence of imprisonment commits another crime constituting a felony and is sentenced to another term of imprisonment for such felony, such latter term shall not begin until the expiration of all prior terms."

when it denied appellant habeas relief and remanded him to "serve the balance of the sentences heretofore imposed." NRS 176.035. We affirm.

Gunderson, C. J., and Zenoff, Mowbray, and Thompson, JJ., concur.