**William Hulbert NIPPS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-350.**

Court of Criminal Appeals of Oklahoma.

March 3, 1978.

As Modified on Rehearing March 23, 1978.

Carloss Wadlington, Ada, for appellant.

Larry Derryberry, Atty. Gen., Michael P. Kane, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, William Hulbert Nipps, hereinafter referred to as defendant, was charged, tried before a jury in bifurcated proceedings, and convicted of Knowingly Concealing Stolen Property, After Former Conviction of a Felony, in the District Court, Pontotoc County, Case No. CRF–77–9. He was sentenced to a term of twenty-five (25) years under the direction and control of the Department of Corrections of the State of Oklahoma. From said judgment and sentence defendant has perfected this timely appeal.

The evidence adduced at trial showed that the defendant was arrested for public intoxication on February 3, 1977, and that he had in his possession an eight-track stereo, five eight-track tapes, a checkbook with personalized checks, a billfold, and a bank deposit book, all of which were stolen in three separate burglaries of automobiles in Ada, Oklahoma. These items were identified at trial by their rightful owners who also testified as to the circumstances surrounding the theft of the items. The defendant presented no evidence, and the jury brought in the verdict of guilty to the charge of Knowingly Receiving Stolen Property, in violation of 21 O.S.1971, § 1713.

In the second stage of the trial, copies of the judgments and sentences of two prior convictions of Grand Larceny were admitted into evidence over the objections of the defendant. After instructions by the court to which the defendant objected, the jury returned a verdict under 21 O.S.Supp.1976, § 51, ¶ B, of twenty-five (25) years' imprisonment.

■ The defendant raises three assignments of error, the first of which is that the evidence at trial was insufficient to support the conviction. This assignment of error is frivolous. It is uncontested that the property was stolen, and that the defendant was withholding it from the rightful owners, leaving only the question of whether the defendant knew that the property was stolen. This is a question for the jury, and we cannot say that their discretion was unreasonable. See, *Richardson v. State,* Okl.Cr., 545 P.2d 1292 (1976).

■ The defendant's second assignment of error is that the trial court erred in instructing the jury, "The 'concealing' as hereinabove used in these instructions does not require an actual hiding or secreting of the property and includes anything done to prevent the owner's recovering it." This is not error in that this Court in *Walls v. State,* Okl.Cr., 491 P.2d 320 (1971), said, concerning the charge of knowingly concealing stolen property:

". . . Concerning that charge, the requirements of proof are: Defendant had knowledge that the property was stolen property; and, that *he was in some manner concealing it from its rightful owner.*" (Emphasis added)

The instructions given at trial do not conflict with the language of the statute or the language set out in *Walls v. State,* supra.

■ The third assignment of error is that the trial court erred in admitting into evidence copies of the judgments and sentences rendered in two cases in the District Court of Pontotoc County, Oklahoma, on February 4, 1966. These reflected that the defendant was convicted of two separate offenses of Grand Larceny (Case Nos. 4583 and 4584) with sentences of two concurrent

terms of one year under the direction and control of the Department of Corrections. The defendant also objected to the instructions of the court in the second stage of the trial under 21 O.S.Supp.1976, § 51, ¶ B. We agree with the defendant in this assignment of error in that 21 O.S.Supp.1975, § 51A, is a limitation on 21 O.S.Supp.1976, § 51. Title 21 O.S.Supp.1975, § 51A, provides:

"No person shall be sentenced as a second and subsequent offender under Section 51 of Title 21, or any other section of the Oklahoma Statutes, when a period of ten (10) years has elapsed since the *completion of the sentence* imposed on the former conviction; provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony." (Emphasis added)

In the instant case, the defendant contends that the term "completion of the sentence" means when the Department of Corrections released him from their direction and control. The defendant contends that this means the date upon which the Department of Corrections says he satisfies the sentence, after proper deductions and credits provided by law, and not as the State contends upon the calendar date which actually represents the maximum time the defendant may be held in custody, i. e., the date fixed by adding the length of sentence as found in the judgment and sentence to the date of the judgment and sentence. We agree with the defendant that he satisfied his sentence when the Department of Corrections relinquished their control of the defendant and unconditionally released him. We find, however, that the conviction on May 6, 1976, of knowingly receiving stolen property in Pontotoc District Court Case No. CRF–75–88, served to extend the period of time the earlier convictions could be used, and therefore there was no error in instructing under 21 O.S.Supp.1976, § 51, ¶ B.

Although finding no error, this Court directs that the sentence be *MODIFIED* to twelve (12) years under the direction and control of the Department of Corrections, as we have found 21 O.S.Supp.1976, § 51,

¶ B, to be unconstitutional in *Thigpen v. State,* Okl.Cr., 571 P.2d 467 (1977), and the judgment and sentence are, as modified, *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.

## ORDER MODIFYING SENTENCE ON PETITION FOR REHEARING

On March 13, 1978, the above appellant filed his Petition for Rehearing in the above styled and numbered appeal wherein appellant properly brought to this Court's attention that the modification of sentence pronounced in this Court's decision of March 3, 1978, was not entirely in compliance with the provisions of 21 O.S.Supp.1976, § 51, subparagraph A; and that said modification should have been made to read ten (10) years, instead of twelve (12) years.

NOW THEREFORE, after considering the Petition for Rehearing filed herein and being fully advised in the premises, this Court finds that the modification of sentence in the above styled and numbered appeal should be made to read modification from twenty-five (25) years, as imposed by the District Court of Pontotoc County in that court's case number CRF–77–9, to a sentence of ten (10) years imprisonment and as modified the judgment and sentence is affirmed.

The Pontotoc County District Court Clerk, the Director of the Department of Corrections and the Warden of the State Penitentiary are directed to correct their records to reflect the above corrected modification of sentence in CRF–77–9.

It is the further Order of this Court that Mandate shall issue FORTHWITH.

Witness our Signatures, and the Seal of this Court this 23rd day of March, 1978.

HEZ J. BUSSEY, P. J.
TOM CORNISH, J.
TOM BRETT, J.