## ROBERT STEVEN MERNA, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10968

February 28, 1979                    591 P.2d 252

*Robert Steven Merna,* Stewart, *In Proper Person.*

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant plead guilty to three (3) counts of forgery, a felony pursuant to NRS 205.090. As to count III, appellant was sentenced to eight (8) years in the Nevada State Prison. The sentence was suspended and appellant granted probation for a period not to exceed five (5) years.[1]

---

[1]As to counts I and II, appellant received one-year concurrent sentences in the Nevada State Prison. The circumstances relevant to the disposition of this case arise after the discharge of those sentences.

While on probation, appellant violated the conditions of his probation and the state moved to have it revoked. After a hearing on the matter, the district court ordered appellant to again be placed on probation for a period of five (5) years and, as a condition of probation, to serve one (1) year in the Clark County Jail.

After his release from the Clark County Jail, appellant once more violated the conditions of his probation and thereafter, the state moved to have probation revoked. At the conclusion of a hearing, the district court revoked appellant's probation and reinstated his eight-year sentence.

Appellant subsequently filed an in *pro per* motion for allowance of credit for (1) time spent in jail as a condition of his probation; and (2) time spent in jail awaiting his revocation hearing. The district court denied both motions and appellant here contends that denial deprived him of basic constitutional rights.

1. Although we have not previously addressed this issue, as a matter of fundamental fairness, we feel the more salutary rule is to grant appellant credit for time served as a condition of probation. *See* State v. Jones, 327 So.2d 18 (Fla. 1976). "To hold otherwise would result in a possible constitutional violation under the standards set down in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)." *Id.* at 25. Accordingly, that portion of the district court order is reversed and the case is remanded with instructions to credit appellant with the time he served as a condition of his probation.

2. We have considered and approved the denial of credit for time spent in jail awaiting revocation hearings. Ward v. State, 93 Nev. 501, 569 P.2d 399 (1977). In our view, this rule does not contravene established constitutional mandates. While the constitution prohibits double punishment for the same crime, North Carolina v. Pearce, *supra,* a probationer held in county jail awaiting a probation revocation hearing is not being incarcerated for the *same crime,* but rather, is being held for engaging in a separate course of proscribed conduct. *Cf.* Matter of Ratzlaff, 564 P.2d 1312 (Mont. 1977); State v. Eckley, 579 P.2d 291 (Or.App. 1978). Moreover, probation revocation is not a stage of criminal prosecution. Gagnon v. Scarpelli, 411 U.S. 778 (1973). Therefore, we deal here not with the rights of an accused, but with the more limited rights of a probationer, who was granted his "conditional liberty" only after being convicted of a crime. *Id.* at 781. Accordingly, that

portion of the district court order denying credit for jail time awaiting revocation hearings is affirmed.