## CHARLES ANDREW FORBES, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 11787

January 3, 1980 604 P.2d 799

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, while in custody pending the resolution of a sexual assault charge, escaped from the Southern Nevada Memorial Hospital. Later that same night he was re-arrested and charged with escape (NRS 212.090). Thereafter, appellant pled guilty to the sexual assault charge and was sentenced to 20 years in the Nevada State Prison. Subsequent to the guilty plea, appellant was convicted of escape and, under the impression that NRS 176.035(2)[1] was controlling, the district judge proceeded to sentence appellant to two years in the Nevada State Prison, to be served *consecutively* to the sentence previously

---

[1]NRS 176.035(2) requires that:

"Whenever a person under sentence of imprisonment commits another crime constituting a felony and is sentenced to another term of imprisonment for such felony, such latter term shall not begin until the expiration of all prior terms."

imposed. On appeal, appellant contends, and respondent concedes, *see* LaFon v. State, 95 Nev. 762, 601 P.2d 1201 (1979), that all parties present at the second sentencing proceeded under a mistake of law regarding the requirements of sentencing pursuant to NRS 176.035. We agree.

Appellant was not under a sentence of imprisonment at the time of his escape. Nevertheless, at the time of sentencing for the escape conviction, the trial court acted under the misconception that the aforementioned statute required the imposition of a sentence consecutive to that previously imposed in the companion case. Accordingly, this case shall be remanded to the district court so that the trial judge may resentence appellant in accordance with its discretionary power pursuant to NRS 176.035(1).[2]

---

[2]NRS 176.035(1) provides in relevant part:

"Except as provided in subsection 2, whenever a person is convicted of two or more offenses, and sentence has been pronounced for one offense, the court in imposing any subsequent sentence may, in its discretion, provide that the sentences subsequently pronounced shall run either concurrently or consecutively with the sentence first imposed."