JIM MICHAEL ADAMS, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 12374

March 30, 1981                                    626 P.2d 259

*Norman Y. Herring,* State Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *John C. DeGraff,* Deputy Attorney General, for Respondent.

## OPINION

*Per Curiam:*

While on probation from a conviction for attempted grand

larceny, appellant committed a burglary. After plea negotiations appellant pled guilty to attempted burglary, his probation was revoked, and the prior sentence was executed. Appellant was subsequently sentenced to serve five years for the latter crime. At the sentencing on the latter charge the district court failed explicitly to state whether appellant's second sentence was to run concurrently with or consecutively to the first sentence.

In his petition for a post-conviction writ of habeas corpus, appellant contends, *inter alia,* that since the district court failed to specify that his sentences were to be served consecutively, they must run concurrently, pursuant to NRS 176.035(1).[1] Respondent, on the other hand, contends that the sentence falls under NRS 176.035(2), which provides for consecutive sentences "[w]henever a person under sentence of imprisonment commits another crime constituting a felony and is sentenced to another term of imprisonment for such felony".

This court has held that the consecutive sentence provision of NRS 176.035(2) does not apply when a defendant was merely in custody, prior to conviction, when a felony was committed. Forbes v. State, 96 Nev. 17, 604 P.2d 799 (1980). On the other hand, in Founts v. Warden, 91 Nev. 353, 535 P.2d 1291 (1975), we suggested that the provision would apply to a defendant who commits a felony while on parole.

Appellant relies on Van Dorn v. Warden, 93 Nev. 524, 569 P.2d 938 (1977) for his contention that a person who is on probation should not be considered "a person under sentence of imprisonment." In that case this court stated that for the purposes of "good time" credits "probation is not intended to be the equivalent of imprisonment." *Id.* at 526.

Respondent points out that probation is actually a suspension of execution of the sentence and not a suspension of the sentence. *See* NRS 176.185. Thus, a person on probation while not imprisoned is actually "under a sentence of imprisonment" the execution of which has been suspended. We agree.

---

[1] NRS 176.035 provides, in pertinent part:

1. Except as provided in subsection 2, whenever a person is convicted of two or more offenses, and sentence has been pronounced for one offense, the court in imposing any subsequent sentence may, in its discretion, provide that the sentences subsequently pronounced shall run either concurrently or consecutively with the sentence first imposed. . . .

2. Whenever a person under sentence of imprisonment commits another crime constituting a felony and is sentenced to another term of imprisonment for such felony, such latter term shall not begin until the expiration of all prior terms.

. . . .

Although for purposes of determining good time credits, probation is not equivalent to imprisonment, we hold that a probationer, like a parolee, is "under sentence of imprisonment" for purposes of determining the order in which two or more sentences are to be served. Pursuant to NRS 176.035(2), therefore, appellant's sentence for attempted burglary is to run consecutively to appellant's sentence for attempted grand larceny.

Appellant's remaining contentions are without merit. Accordingly, we affirm the judgment of the district court.