Theouble A. VITAL, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–835.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1982.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Appellate Division, Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

The appellant appeals his conviction for Grand Larceny, After Former Conviction of a Felony, rendered in Comanche County District Court in CRF–79–377. He received a two-year prison sentence.

■ He first urges that the trial court committed reversible error by denying his motion for a continuance when alleged material witnesses were absent. The record reflects that of the six subpoenas issued by the defense, three of the persons were not served.

First, we note that in his oral request for a continuance, defense counsel did not specify which of these witnesses he considered to be a material witness. Secondly, the subpoenas were issued only six days before trial.

The record does not reflect that the appellant complied with the requirements of 12 O.S.1971, § 668, which provides in part that the party moving for a continuance must set forth in affidavit form facts showing the materiality of the evidence expected to be obtained. The trial transcript shows that upon his oral motion, the appellant failed to make an offer of proof concerning the absent witnesses' anticipated testimony and its materiality. Nor did he make an offer as to the probability of obtaining witnesses within a reasonable time, or as to his exercise of due diligence in securing the witnesses' attendance. We therefore cannot say that the trial court erred in denying the motion. *Hux v. State*, 554 P.2d 82 (Okl.Cr.1976); *Goldsby v. U. S.*, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343 (1895).

In his next assignment of error the appellant states the trial court admitted prejudicial evidence of other crimes.

■ He first cites the instance where the prosecution on redirect examination questioned a police officer on the issue of whether there had been two other purse-snatching incidents at the hospital on the morning in question. It clearly appears, however, that the defense had first elicited testimony on this matter by asking if the officer had been aware that there had been an offense turned in prior to the arrest. Counsel also referred to an "initial report" and an "initial offense" during his questioning.

The State's follow-up question which the appellant condemns is, "Officer Gatlin, this second offense, was that on this particular incident?" The law in this area is settled. The appellant, having "opened the door" to this matter, cannot complain on appeal that the State has committed error. *See Battles v. State*, 513 P.2d 1314 (Okl.Cr.1973).

■ The appellant next complains of the prosecution's reading of the prior conviction allegation during opening statement. The rule of law is that it is reversible error to read language of an information alleging the defendant's prior convictions or to make reference to them in the opening statement of the district attorney. *Sloan v. State*, 503 P.2d 580 (Okl.Cr.1972).

■ However, the appellant had waived a bifurcated proceeding, failed to object to the reading, and admitted his prior conviction when he testified. There is no cause for reversal.

Furthermore, the prosecutor's reading the allegation of the prior conviction does not come within the scope of other crimes evidence for purposes of *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). Prior convictions are specifically excluded. We therefore find no merit in the appellant's contention that the guidelines in *Burks* should have been followed. Nor can we say the appellant has demonstrated undue prejudice by the fact that the trial court gave no admonition nor cautionary instruction regarding the prior conviction allegation when we consider the sentence imposed. Moreover, the defense neither objected to nor requested either.

Finally, the appellant asserts that improper remarks during closing argument resulted in fundamental unfairness. None of the comments were objected to. We have carefully reviewed the closing argument and find that the record fails to support the contention that the prosecutor improperly attempted to inject his personal belief of the appellant's guilt. However, the comment that the jurors' verdict would give the district attorney their "message" of how they feel about things in the community was not so grossly improper or unwarranted as to have affected the appellant's rights. Reversal then is not justified. *See Blevins v. State*, 603 P.2d 1168 (Okl.Cr. 1979).

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.