DAVID LEE GRANT aka BUBA DAVID LUMBO, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 13079

March 10, 1983                                            659 P.2d 878

*Jeffrey D. Sobel,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland* and *Douglas McCarthy,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant pled guilty to one count each of second degree kidnapping and robbery. The district court sentenced him to

two concurrent fifteen-year terms, suspended the sentence, and placed appellant on probation for a period not to exceed five years. As a special condition of probation, appellant was ordered to participate in a residential drug treatment program. He spent sixteen months in the Fitzsimmons House program and was then transferred to My Family, Inc., a residential program located near Riverside, California. Appellant subsequently left that program without permission, and respondent moved to revoke his probation on that ground. The district court granted the motion and imposed the original state prison sentence. In so doing the district court denied appellant's motion to reduce the original sentence, concluding that it was without authority to do so.

Appellant contends that the district court erred by concluding that it lacked authority to reduce the original sentence. We disagree. Generally, a trial court is without authority to reduce a sentence of imprisonment once a defendant has begun to serve it. NRS 176.185(4); Miller v. Hayes, 95 Nev. 927, 604 P.2d 117 (1979); State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969). A term of imprisonment begins on the date sentence is imposed, NRS 176.335(3), and a grant of probation is a suspension of *execution* of a state prison sentence, not a suspension of the sentence itself, *see* NRS 176.185. Consequently, "a person on probation while not imprisoned is actually 'under a sentence of imprisonment' the execution of which has been suspended." Adams v. Warden, 97 Nev. 171, 172, 626 P.2d 259, 260 (1981). Thus, when appellant was sentenced and placed on probation, he had begun to serve his sentence of imprisonment, and the district court correctly concluded that it was without authority to reduce the sentence.[1]

Appellant further contends that the district court erred by refusing to grant him credit against his sentence for the time he served in the two residential drug treatment programs. In Merna v. State, 95 Nev. 144, 591 P.2d 252 (1979), we held that time spent in a county jail as a condition of probation must be credited against a state prison sentence imposed after probation revocation. However, in Van Dorn v. Warden, 93 Nev.

---

[1] Appellant relies primarily upon *Miller* and Warden v. Peters, 83 Nev. 298, 429 P.2d 549 (1967). *Miller* is inapposite. *Peters* is distinguishable from the instant case, as in *Peters* the issue was whether the district court had inherent authority to vacate a judgment of conviction premised upon a material mistake of fact. Appellant does not contend that the judgment below is premised upon a mistake of fact. We express no opinion as to whether *Peters* is authority for the proposition that a district court may modify a sentence after a defendant has begun to serve it, on the basis of a mistake of fact affecting the sentence but not the judgment.

524, 569 P.2d 938 (1977), we held that there is no similar entitlement to credit for time spent on probation but not in actual confinement. *Cf.* NRS 176.055 (credit for pre-conviction time served only granted for time spent in "confinement").

It may be that certain residential drug treatment programs so restrain the liberty of a probationer that residence in such programs is tantamount to incarceration in a county jail; in such cases credit should arguably be granted under *Merna*. In this case, however, we decline to consider the issue[2] since the record is devoid of any evidence of the restraints on liberty imposed by either Fitzsimmons House or My Family, Inc. Contrary to appellant's main argument, the fact that he was not free to leave either program without violating his probation, standing alone, does not necessarily indicate restraints on his liberty akin to incarceration.[3]

We have considered appellant's remaining assignment of error and found it to be without merit. The order revoking probation is affirmed.

---

[2]Most jurisdictions that have considered the issue do not grant credit for time served in residential programs as a condition of probation. *See* Paul v. State, 560 P.2d 754 (Alaska 1977) (vocational training program); State v. Babcock, 597 P.2d 1117 (Kan. 1979) (no credit for time spent in halfway house; statute provides for credit for jail time only, and defendant not in custody of jail authorities); Petition of Sewell, 474 P.2d 146 (Mont. 1970) (no credit for time served in State Industrial School) (dicta). *See also* Thomas v. United States, 327 F.2d 795 (10th Cir. 1964), *cert. denied,* 377 U.S. 1000 (1964). *But see* People v. Rodgers, 144 Cal.Rptr. 602 (Ct.App. 1978) (credit granted for time spent in Delancey Street halfway house, even though liberty not restrained to a degree tantamount to jail incarceration, because defendant "in custody" within the meaning of Cal. Penal Code, § 2900.5).

[3]Although the record contains no evidence of the nature of the restraints on appellant's liberty, it does tend to suggest that My Family, Inc. was not a locked-door facility.