James L. GOODWIN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–65.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1987.

Don L. Wyatt, Ada, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, James L. Goodwin, was convicted in the District Court of Pontotoc County, Case No. CRF–83–201, of Leaving the Scene of an Accident-Personal Injuries, After Former Conviction of Two or More Felonies, and sentenced to twenty years' imprisonment. He appeals raising sixteen assignments of error.

Briefly stated, the evidence reveals that on July 12, 1983, the appellant, who was driving a tank truck, attempted to pass a pickup truck, sideswiped the pickup which was forced off the road, and overturned. Both passengers were severely injured, one of whom was left paralyzed. The appellant never stopped, and did not return to the scene of the accident.

■ In his first assignment of error the appellant claims that he was prejudiced because two jurors who were retained should have been removed. At a subsequent hearing, evidence was offered that during the voir dire of the prospective jurors at the appellant's trial they were asked whether or not they knew the appellant. Testimony from the appellant's wife revealed that one of the jurors who replied she did not know the appellant, had employed several of the appellant's children, and another juror who replied that he did not know the appellant, had attempted to date the appellant's daughter. The record reveals that the appellant's wife was present during the voir dire examination and most of the trial, yet she apparently did not inform defense counsel that she believed that two of the jurors were not telling the truth. Furthermore, if the appellant knew the jurors, why did he not inform defense counsel? Because jurors are acquainted with children of a defendant, does not establish that they knew that defendant. This assignment of error contains too much speculation for this Court to find that the appellant has met his burden of establishing that his substantive rights were prejudiced. *See Sallee v. State*, 544 P.2d 902 (Okl.Cr.1975).

■ The appellant next complains that the trial court improperly admitted evidence of another crime. The record reveals that during the examination of the appellant, his attorney asked him, "[H]ad you been involved in this accident, is there any reason that's known to you that's unknown to this court or jury that would cause you to fail to stop?" He replied that if he had known that he had been involved in an accident there would have been no reason whatsoever for his not stopping. After a bench conference, the prosecutor was permitted to ask,

Q. In response to Mr. Hall's question, do you know of any reason at all why you would not have stopped if you had been involved in an accident? Is it not true, Mr. Goodwin that, in fact, you knew that the truck you were driving that day was stolen, and that you have since been charged with possession of a stolen truck?

A. Yes, about nine months later.

The trial court correctly ruled that because defense counsel had raised the issue on his direct examination, the State should be allowed during cross-examination to probe reasons why the appellant might not stop. When used to prove motive, other crimes evidence is admissible. *See* 12 O.S.1981, § 2404(B). Furthermore, where the appel-

lant "opened the door" to this matter, he cannot complain on appeal that the State has committed error. *Vital v. State*, 640 P.2d 1372 (Okl.Cr.1982).

In his third assignment of error the appellant argues that his right to testify in his own behalf was denied because the trial court overruled his Motion in Limine regarding the use of prior convictions for impeachment purposes. We are unable to find in the record where the trial court overruled the motion. Even if the trial court did, we have held that such a motion is advisory and that in order to properly preserve objections to the introduction of evidence which is the subject of the motion, an objection must be made at the time the evidence is sought to be introduced. *Teegarden v. State*, 563 P.2d 660 (Okl.Cr. 1977). In the case at bar, the appellant himself presented the prior convictions in his case in chief. Having failed to preserve the alleged error by timely objection, this assignment of error is meritless.

The appellant next contends that the prosecutor should not have been allowed to take the witness stand, and when she did, she should have been sworn in. The appellant called the prosecutor as his first witness. The trial judge stated, "You are an officer of the court, Mrs. Shew. It will not be necessary to swear you in." No objection was made to the statement of the court, or that the witness was not sworn. The authority on which the appellant relies to support his argument that the prosecutor should not have been allowed to testify concerns attorneys acting as witnesses for their clients. In the case at bar, the prosecutor was called as a witness for the defense. As we have previously held, only those questions which were raised in the trial court, on which adverse rulings were made, will be considered on appeal. *See Ferguson v. State*, 675 P.2d 1023 (Okl.Cr. 1984). This assignment of error is utterly meritless.

■ Appellant alleges in his fifth assignment of error that the prosecutor in her final argument to the jury interjected matters which were not in evidence. However, closing argument was not made a part of the record and we are unable to examine the remark in context. An appellant is responsible for making a proper record so that this Court can examine it to determine if the alleged improper remarks were actually made, and if they were, whether they were invited or provoked by opposing counsel's remarks. *Byrd v. State*, 489 P.2d 516 (Okl.Cr.1971). The appellant has failed to properly preserve this assignment of error.

■ The next three assignments of error concern jury instructions during the first stage of trial. There is no record that the appellant objected to any of the instructions, or submitted his own instructions. Where an appellant does not object to the instruction submitted by the trial court, or submit any instructions of his own, he has failed to properly preserve this issue for consideration on appeal. *Phipps v. State*, 572 P.2d 588 (Okl.Cr.1977). After examining the instructions of which the appellant complains, we find no error requiring reversal or modification.

■ The appellant in his next assignment of error argues that the evidence for his conviction was insufficient. Upon such a claim we are required to review the evidence in the light most favorable to the prosecution, and determine whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). Two eyewitnesses described the impact of the appellant's vehicle with the pickup truck that he hit. The pickup was knocked off the road and overturned several times. One of the eyewitnesses was in front of the accident when it happened, and one behind. One of the eyewitnesses, who had driven trucks for twenty-five years and had experience driving a truck the size the appellant was driving, testified that he did not believe that a truck could hit an object like the pickup and be unaware of the impact. We find that the evidence was sufficient to meet the test stated in *Spuehler*.

■ As his tenth assignment of error, the appellant asserts that his punishment was improperly enhanced by the use of

convictions more than ten years old. He presented evidence alleging that his parole was signed on June 5, 1973, and since the offense was committed on July 12, 1983, a period of ten years had elapsed and therefore the prior conviction could not be used to enhance his punishment. The applicable statute provides:

> Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the *completion* of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years. [Emphasis added.]

1978 Okla.Sess.Laws, ch. 281, § 1, now amended as 21 O.S.Supp.1986, § 51(B). We construed the predecessor of this statute in *Nipps v. State*, 576 P.2d 310 (Okl.Cr.1978), where we held that the phrase "completion of the sentence" meant when the Department of Corrections had relinquished their control of a defendant and unconditionally released him. The present statute uses the terms "completion of the execution of the sentence." The record reveals that the appellant was actually paroled on August 30, 1973, and that he remained on parole until March 28, 1975. The execution of his sentence was not completed until the latter date, at which time he was released from parole. The ten year period to which 21 O.S.1981, § 51(B) refers began to run on that date. Therefore, the prior convictions were properly admitted against the appellant. This assignment of error has no merit.

■ The appellant's next two assignments of error concern section B of the information where the appellant's prior convictions were listed. That page stated, "[T]he offense charged in the Information herein is a second and subsequent offense after the conviction of a felony." The appellant was subsequently convicted of having previously committed two or more felonies. He first argues that this conviction violates his rights to have notice of the offense of which he is charged. Where the second page of an information lists prior convictions the State intends to use to convict a defendant under 21 O.S.1981, § 51(B)[1] the fact that the charge is worded in the singular rather than plural does not render a conviction under the two-felony portion of Section 51(B) impermissible; as we have previously stated that upholding such an argument would be holding the State to a degree of technicality concerning informations which heretofore has been neither required nor expected. *Sanders v. State*, 706 P.2d 909 (Okl.Cr.1985).

The appellant also argues that some of the second stage instructions refer to the offense as "after the conviction of a felony" while other instructions refer to the offense as "after having been twice convicted of felony offenses." The record reveals that the appellant neither objected to the instructions given nor submitted his own. As we stated earlier concerning the first stage instructions, the appellant has failed to properly preserve this issue for consideration on appeal. The second stage instructions have no error requiring modification or reversal.

■ The appellant's thirteenth assignment of error maintains that the State failed to prove that the former felony convictions were final. Because one of his prior convictions had been appealed, and was modified by this Court, the appellant argues that the trial court erred in failing to instruct the jury concerning the final disposition of the case. The record reveals that certified copies of judgments and sentences were offered into evidence without any objection from the appellant. We have held that where no objection is made to certified copies of judgments and sentences concerning their finality the assignment of error is not preserved for review. *Ahhaitty v. State*, 715 P.2d 82 (Okl.Cr.1986). Moreover, the appellant admitted the three prior convictions during his testimony.

1. In the subsequent amendment to this statute, the wording of this subsection remained unchanged. *See* 21 O.S.Supp.1985, § 51(B).

As a part of this assignment of error, the appellant also argues that because the sentence in one of his convictions had been modified by this Court, such information would be necessary for the jury to find that the offense charged was committed within the ten years referred to in 21 O.S.1981, § 51(B). This issue was addressed in *Clonce v. State*, 588 P.2d 584, 590 (Okl.Cr. 1979) (Bussey, P.J., and Brett, J., concurring in results) where Judge Cornish stated:

> We do not agree with the defendant that the burden is on the State to prove when a defendant completed his sentence. The Statute provides a benefit to those defendants who fall within its terms. To be afforded this benefit, a defendant merely has to come forward with information that is readily available to him and is easily susceptible to confirmation. The defendant, therefore should be the one to raise this bar to the State's proof of former convictions.
>
> Should the situation arise where the State seeks to admit evidence of a former conviction which has been completed ten years prior thereto, then the defendant should move for a hearing outside the presence of the jury to establish the date the sentence of the prior conviction was completed. The judge may then rule on the competency of the evidence sought to be admitted as to the former conviction. This procedure would prevent incompetent evidence being presented to the jury. This evidentiary hearing would also preclude the jury from obtaining information that would improperly allow it to determine the ratio of years actually served to years sentenced and the possibility of prejudice to the defendant resulting therefrom. See, *Jones v. State*, Okl.Cr., 554 P.2d 830 (1976).

Having raised no objections to the judgments and sentences offered into evidence, this assignment of error is without merit.

 In his fourteenth assignment of error, the appellant argues that he was denied the right to present mitigation on his behalf prior to sentencing. The court stated, at the conclusion of the trial, that a presentence investigation did not appear to be in order and asked whether either the State or defense counsel wished to be heard on that issue. Both attorneys replied that they did not. Where a defendant fails to object or reassert his right to a presentence investigation and report, we have held that such acquiescence constitutes a suitable waiver under the predecessor of 22 O.S. Supp.1985, § 982.[2] *Springer v. State*, 546 P.2d 645 (Okl.Cr.1976). As we stated, "[T]he defendant may not now be heard to complain of that which he was instrumental in causing." *Sprigner*, at 647.

In his next proposition, the appellant complains that his term of sentence is greater than that authorized by the crime for which he was convicted, as stated on judgment and sentence. We need only note that an amended judgment and sentence was filed May 30, 1985, which correctly states the conviction and sets the sentence at the minimum afforded by statute. This assignment of error is frivolous.

In his final assignment of error the appellant contends that he was denied his right of direct appeal through no fault of his own. This issue is moot because the district court after a hearing for post-conviction relief found that the appellant was denied his right to direct appeal through no fault of his own, and consequently this Court granted this appeal out of time.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.

---

2. The applicable portion of the statute remains unchanged: "If the district attorney and the defendant desire to waive such presentence investigation and report, both shall execute a suitable waiver subject to approval of the court, whereupon the judge shall proceed with the sentencing."