77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond Leroy JOHNSON, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 95-6172.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LUCERO, Judge.
 
 
 1
 Petitioner Raymond Leroy Johnson appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Because petitioner's trial attorney was ineffective in failing to object to the use of stale convictions to enhance petitioner's sentence, we reverse the district court and conditionally grant the writ.
 
 
 2
 In November 1974, petitioner pled guilty to attempted possession of stolen property in Nevada state court. On December 6, 1974, the court sentenced petitioner to three years' incarceration. The court then suspended execution of petitioner's sentence and placed him on probation for two years. Petitioner successfully completed his probation on December 6, 1976, and was granted a general discharge by the Nevada court on April 6, 1977.
 
 
 3
 In March 1988, petitioner was convicted in Oklahoma state court of carrying a firearm into a liquor establishment (Count I), reckless conduct with a firearm (Count II), feloniously carrying a firearm after former conviction of a felony (Count III), and two counts of feloniously pointing a weapon (Counts IV and V). Because petitioner had been convicted of two or more prior felonies, the most recent being his Nevada conviction, the jury was permitted to enhance his sentences for Counts I, IV, and V, to twenty-year terms pursuant to Okla. Stat. Ann. tit. 21, 51(B). Petitioner's trial attorney did not object.
 
 
 4
 On appeal, petitioner was assigned new counsel. Recognizing that a defendant's sentence may not be enhanced by a felony after ten years have elapsed from completion of the sentence, appellate counsel argued that petitioner's sentence had been improperly enhanced in violation of Okla. Stat. Ann. tit. 21, 51(B) and 51A. The state simply argued that because petitioner did not object to use of his convictions at trial, the issue was waived on appeal, citing Smith v. State, 651 P.2d 1067, 1069 (Okla.Crim.App.1982). Without explanation, the Oklahoma appellate court summarily affirmed petitioner's convictions.
 
 
 5
 Petitioner filed a petition for habeas corpus relief in the United States District Court for the Western District of Oklahoma. Because the petition raised for the first time the ineffectiveness of petitioner's trial counsel in not objecting to the sentence enhancement, the district court dismissed the petition on exhaustion grounds.
 
 
 6
 Petitioner then brought a petition for post-conviction relief in the Oklahoma state district court, alleging both that his trial attorney was ineffective in not objecting to use of the former convictions, and that his appellate attorney was ineffective in not raising the ineffectiveness of trial counsel. The state district court denied the petition, noting that because the Oklahoma appellate court had rejected petitioner's stale conviction argument on appeal, his counsel could not have been ineffective in failing to raise the argument earlier. The Oklahoma Court of Criminal Appeals affirmed.
 
 
 7
 Petitioner returned to the United States District Court for the Western District of Oklahoma and filed his current petition. In a decision adopted by the district court, the magistrate judge recommended that habeas relief be denied because (1) petitioner failed to show that under Nevada law, his suspended sentence ended when he completed his probation; (2) petitioner's trial and appellate counsel could not have been ineffective because the convictions were not stale; (3) petitioner's convictions did not violate double jeopardy; (4) prosecutorial misconduct did not deprive petitioner of a fair trial; (5) there was evidence to support petitioner's convictions; (6) petitioner was not unconstitutionally deprived of a competency hearing; (7) petitioner was not denied due process when his trial was not bifurcated; and (8) petitioner was not deprived of effective counsel based on several tactical decisions made by his attorney.
 
 
 8
 On appeal, petitioner argues that his former felony convictions should not have been used to enhance his Oklahoma sentence because he completed his Nevada sentence more than ten years before committing the Oklahoma offenses. He also argues that his trial attorney was ineffective in failing to raise the stale conviction issue, and that his appellate counsel was ineffective in failing to raise the ineffectiveness of his trial attorney on appeal. Finally, petitioner argues that his convictions violated double jeopardy, that prosecutorial misconduct deprived him of due process, that he should have been given a mental competency hearing before trial, and that the district court erred in denying his other issues.
 
 
 9
 When reviewing the district court's denial of a habeas petition, we review the court's legal conclusions de novo and its factual findings for clear error. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991). Although we afford a presumption of correctness to a state court's underlying findings of fact, 28 U.S.C. 2254(d), the question of a counsel's effectiveness is a mixed question of law and fact subject to de novo review. Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 818 n. 26 (10th Cir.), cert. denied, 116 S.Ct. 272 (1995).
 
 
 10
 The question whether Oklahoma erred in enhancing petitioner's sentence with stale convictions, pursuant to Okla. Stat. Ann. tit. 21, 51(B), is one of state law for which federal habeas corpus relief ordinarily does not lie. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990)(holding that "federal habeas corpus relief does not lie for errors of state law"). We need not decide in this case whether such a state law error could be "sufficiently egregious to amount to a denial of equal protection or due process," Pulley v. Harris, 465 U.S. 37, 41 (1984), because we hold that petitioner is entitled to the resentencing he seeks based on his claim that his trial counsel was ineffective.
 
 
 11
 To obtain habeas relief for a deprivation of the right to effective assistance of counsel, a petitioner must show both that counsel's performance was deficient and that the deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). We have held that trial counsel's failure to object to the enhancement of a sentence with a facially insufficient conviction constitutes deficient representation. See United States v. Kissick, 69 F.3d 1048, 1056 (10th Cir.1995)("An attorney's failure to challenge the use of a prior conviction to classify the defendant as a career offender when that prior conviction is facially insufficient to satisfy the [sentencing statute] ... constitutes deficient performance under Strickland.").
 
 
 12
 Here, Oklahoma law authorizes the state to enhance a defendant's sentence when he has been twice convicted of felonies and commits a third offense "within ten (10) years of the date following the completion of the execution of the sentence." Okla. Stat. Ann. tit. 21, 51(B). If a defendant's most recent conviction falls within this period, it revitalizes any prior convictions as well. Because petitioner committed the Oklahoma offenses on October 15, 1987, the operative date for determining the staleness of his prior convictions is October 15, 1977. Our review of both Nevada and Oklahoma law convinces us that petitioner completed the "execution of [his Nevada] sentence" when he was discharged from probation on April 6, 1977, and, therefore, the conviction was "facially insufficient" to satisfy the requirements of section 51(B). Kissick, 69 F.3d at 1056.
 
 
 13
 Although petitioner originally received a three-year sentence for his Nevada conviction, which would have expired within the critical ten-year period, the "execution" of that sentence was suspended. See Nev.Rev.Stat. 176.185(1)("Whenever any person has been found guilty ... the court ... may by its order suspend the execution of the sentence imposed and grant probation...."); Grant v. State, 659 P.2d 878, 878 (Nev.1983)(holding that "a grant of probation is a suspension of execution of a state prison sentence"). Under these circumstances, so long as petitioner complied with the conditions of his probation, his original sentence would not be executed. Cf. Flint v. Hocker, 462 F.2d 590, 592 (9th Cir.1972)("When probation is granted [in Nevada], the original sentence is suspended on condition that the terms of probation are fulfilled. When probation is revoked, the sentence first begins to run...."); Rahn v. Warden, 498 P.2d 1344, 1345 (Nev.1972)(describing suspended sentence as a sentence whose "execution [is] suspended during good behavior on probation").
 
 
 14
 Petitioner successfully completed the terms of his probation and was discharged "and released from further supervision and from any obligation respecting the conditions of said probation" on April 6, 1977. R. I, tab 12, ex. A. Because petitioner's three-year sentence could not thereafter be executed, the date of his discharge from probation constituted the "completion of the execution of the sentence," Okla. Stat. Ann. tit. 21, 51(B), which was more than ten years before he committed the Oklahoma offenses.
 
 
 15
 Oklahoma case law leads us to the same result. In Nipps v. State, 576 P.2d 310, 312 (Okla.Crim.App.1978), the court specifically rejected the state's argument that "completion of the sentence" meant the calendar date representing the maximum time the defendant could be held in custody, holding instead that the defendant "satisfied his sentence when the Department of Corrections relinquished their control of [him] and unconditionally released him." The court has applied this holding in a number of analogous situations. See Harmon v. State, 748 P.2d 992, 995 (Okla.Crim.App.1988)(sentence completed upon release from probation); Goodwin v. State, 743 P.2d 1101, 1105 (Okla.Crim.App.1987)(execution of sentence completed upon release from parole); Coats v. State, 589 P.2d 693, 696 (Okla.Crim.App.1978)(ten-year period in which prior convictions may be used begins on date of pardon or satisfaction of sentence, whichever is earlier).
 
 
 16
 Because Nevada "relinquished their control of [petitioner] and unconditionally released him" on April 6, 1977, Nipps, 576 P.2d at 312, the prior conviction was "facially insufficient" to satisfy the provisions of section 51(B), and the failure of petitioner's trial counsel to raise the issue constituted deficient representation, Kissick, 69 F.3d at 1056. Further, "the prejudice resulting from the failure to challenge a [habitual criminal] classification is clear." Id. Had petitioner's sentences not been enhanced, he would have faced a maximum of ten years' imprisonment on counts I, IV, and V, instead of the twenty-year sentences he received. See Okla. Stat. Ann. tit. 21, 1272.1 and 1279.16. Thus, petitioner has satisfied the second prong of Strickland as well. See Kissick, 69 F.3d at 1056.
 
 
 17
 Respondent incorrectly argues that the state district court's denial of petitioner's ineffectiveness of counsel claim encompassed a factual finding that his Nevada convictions were not stale. Appellee's Br. at 6. Our review of the state district court's decision reveals no such factual determination. Instead, the court simply held that petitioner's counsel could not have been ineffective by failing to raise an argument which was later rejected by the Oklahoma Court of Criminal Appeals. See id. at attached ex. B. As the federal district court noted when dismissing petitioner's first petition, the Oklahoma appellate court's rejection of petitioner's staleness argument on direct appeal resulted, most likely, from application of the long-standing rule that the failure to object to sentence enhancement at trial waives the issue on appeal. R. I, tab 10, ex. C at 5; see Goodwin, 743 P.2d at 1106; Smith, 651 P.2d at 1069. As this determination did not include a factual finding regarding staleness, the presumption of correctness does not apply. See Medina v. Barnes, 71 F.3d 363, 369 (10th Cir.1995).
 
 
 18
 Petitioner's remaining arguments are without merit. His convictions did not violate the double jeopardy clause because each charge required proof of an additional element or facts which the others did not. See Blockburger v. United States, 284 U.S. 299, 304 (1932). After reviewing the totality of the circumstances, we conclude that the prosecutor's improper comment did not "so infect[ ] the trial with unfairness as to make the resulting conviction[s] a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Brecheen v. Reynolds, 41 F.3d 1343, 1355 (10th Cir.1994), cert. denied, 115 S.Ct. 2564 (1995). As petitioner has not presented argument or authority on any other issue, these issues are deemed waived. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990).
 
 
 19
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and the case is REMANDED with directions to GRANT the writ of habeas corpus if the State of Oklahoma fails, within 90 days, to vacate petitioner's sentence and resentence him in accordance with the views expressed in this order and judgment.
 
 
 20
 KELLY, Circuit Judge, dissenting.
 
 
 21
 The Court's order and judgment holds that trial counsel rendered ineffective assistance of counsel in failing to object to use of the Nevada sentence. Because I am not persuaded that trial counsel's performance was deficient, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," Strickland v. Washington, 466 U.S. 668, 687 (1984), I respectfully dissent.
 
 
 22
 "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. The representation must be assessed against the information, or lack thereof, supplied by the client at the time of the representation. Id. at 691. No evidentiary support exists for the proposition that trial counsel knew or should have known of the Nevada discharge order, the effect of which is by no means certain. To the contrary, it appears that Mr. Johnson requested a copy of the 1977 discharge order in March 1995, some seven years after the enhancement. Aplee. Br. ex. F.
 
 
 23
 The Nevada judgment of conviction is not "facially insufficient" for enhancement under Okla. Stat. Ann. tit. 21, 51(B), as that term is used in United States v. Kissick, 69 F.3d 1048, 1056 (10th Cir.1995). To the contrary, the Nevada three-year sentence would have expired within the ten-year enhancement period. The Court cites no Nevada authority, of which trial counsel should have been aware, compelling the result it reaches. Reasonable minds could differ on whether Nevada would hold that a general discharge from probation bars any further execution of the three-year sentence given that the sentence itself is not suspended. In Nevada, the term of imprisonment starts when sentence is imposed and "a grant of probation is a suspension of execution of a state prison sentence, not a suspension of the sentence itself." Grant v. State, 659 P.2d 878 (Nev.1983). Despite probation, the person is still under the sentence of imprisonment. Id. at 878-79. Thus, the claim that the Nevada sentence was stale does not appear to have been a "dead bang winner" rendering trial counsel's performance ineffective. See Kissick, 69 F.3d at 1056.
 
 
 24
 Here, no inquiry has been made into the circumstances surrounding the representation. Instead, the court resolves a largely state law issue in a manner contrary to the courts in Oklahoma. The claimed error in this case simply is not of sufficient magnitude as to render trial counsel's performance deficient, and to justify displacing the state courts as the arbiters of state law.
 
 
 
 [1]
 The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3