# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
RONALD EUGENE MIDBY,
Respondent.

No. 72998

FILED

SEP 14 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a postconviction petition for a writ of habeas corpus. Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

Respondent Ronald Midby filed a petition challenging the Department of Corrections' decision to deny his request to aggregate his consecutive sentences imposed in separate judgments of conviction. The district court granted the petition, determining that the plain language of NRS 213.1212(3) permits an inmate to request that consecutive sentences be aggregated except as provided by NRS 176.035(3), an exception that did not apply in this case. The State appeals that decision and argues that the Department may only aggregate consecutive sentences imposed in a single judgment of conviction. Having reviewed the briefing and documents submitted in this matter, we agree with the reasoning in the attached district court order. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

18-35944

cc: Hon. Gary Fairman, District Judge
Attorney General/Carson City
Attorney General/Ely
Gallian Welker & Beckstrom, LC/Las Vegas
White Pine County Clerk

Attachment

Case No. HC-1608026

Dept. No. 2

FILED

2017 APR -4 PM 4: 36

WHITE PINE COUNTY CLERK

BY_____
            DEPUTY

IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,

IN AND FOR THE COUNTY OF WHITE PINE

※ ※ ※ ※ ※ ※

RONALD MIDBY,

Petitioner,

vs.

STATE OF NEVADA,

Respondent.

**ORDER DENYING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## PROCEDURAL HISTORY

Petitioner Ronald Midby ("Midby") is an inmate currently incarcerated by the Nevada Department of Corrections ("NDOC") in the Ely State Prison in White Pine County, Nevada. Midby was sentenced in four separate cases arising out of Clark County. The parties do not dispute that Midby had not yet been sentenced at the time Midby committed any of the crimes in the four cases. Midby was first sentenced on April 30, 2009, by Judge Donald Mosely in C252014 ("Case 1") to 5-20 years. Midby was sentenced on May 7, 2009, by Judge Douglas Herndon in C247828 ("Case 2") to 5-20 years, to be served consecutive to Case 1. Midby was sentenced on January 6, 2010, by Judge Douglas Smith in C254735 ("Case 3") to 10-25 years, to be served concurrent to Cases 1 and 2. Midby was sentenced on February 17, 2010, by Judge

Douglas Smith in C261607 to 10-25 years, to be served concurrent to Cases 1, 2, and 3. NDOC initially, in 2010, calculated Cases 1, 3, and 4 as a single concurrent 10-25 year sentence. Case 2 was to be served consecutive to this as a 5-20 year sentence.

In May 2013, the Nevada Legislature passed SB 71, which was made effective on July 1, 2014. SB 71 revised NRS 176.035 and required courts imposing consecutive sentences on or after July 1, 2014, to "pronounce the minimum and maximum aggregate terms of imprisonment pursuant to subsection 2." The revised NRS 176.035(2) provides that in cases without a sentence of life imprisonment, "the court must aggregate the minimum terms of imprisonment to determine the minimum aggregate term of imprisonment and must aggregate the maximum terms of imprisonment to determine the maximum aggregate term of imprisonment." SB 71 also added NRS 213.1212, which provides that "[e]xcept as otherwise provided in subsection (3) of NRS 176.035, a prisoner who is serving consecutive sentences which have not been aggregated may, by submitting a written request to the Director of the Department of Corrections, make an irrevocable election to have the sentences aggregated. If the prisoner makes such an irrevocable election to have the sentences aggregated . . . the Department of Corrections shall aggregate the sentences in the manner set forth in NRS 176.035."

In June 2014, Midby made a written irrevocable request to the NDOC Director to aggregate his sentences. Midby's consecutive sentences were originally aggregated, but this initial decision was overturned on April 30, 2015, on the basis of the Attorney General's opinion that SB 71 did not apply to sentences received in separate cases. Midby filed a petition for writ of habeas corpus ("petition") in the Eighth Judicial District Court on April 6, 2016. On April 15, 2016, the State filed a motion to transfer petition for writ of habeas corpus to White Pine County.

Midby filed an opposition and the Stated filed a reply. Judge Douglas Herndon held a hearing on the issue on April 21, 2016. On May 18, 2016, an order, drafted by the Attorney General, was entered transferring the case to Lincoln County. On August 15, 2016, a stipulation and order to transfer this case to White Pine County was entered. This Court entered an order to respond on August 30, 2016. The State filed a motion to dismiss petition for writ of habeas corpus on October 13, 2016. Midby filed an opposition to motion to dismiss petition for writ of habeas corpus on October 21, 2016. The State filed a request for submission on November 17, 2016. No further briefing or oral argument is required by the court.[1]

## DISCUSSION

A petition for writ of habeas corpus is the appropriate and exclusive vehicle for an inmate "to challenge the computation of time that the person has served pursuant to a judgment of conviction."[2] When courts are asked to interpret the meaning of statutes, "[i]t is well settled in Nevada that the words in a statute should be given their plain meaning unless this violates the spirit of the act."[3] "Where a statute is clear on its face, a court may not go beyond the language of the statute in determining the legislature's intent."[4]

Although the State tries to contort NRS 176.035 and NRS 213.1212 into something confusing enough to require legislative interpretation, both statutes are facially clear. NRS 213.1212 permits any inmate serving consecutive sentences to aggregate them in the manner set

[1] 7JDCR 7(11).
[2] NRS 34.724(2)(c).
[3] McKay v. Board of Supervisors, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986) (citing Application of Filippini, 66 Nev. 17, 24, 202 P.2d 535, 538 (1949)).
[4] Id. (citing Thompson v. District Court, 100 Nev. 352, 354, 683 P.2d 17, 19 (1984); Robert E. v. Justice Court, 99 Nev. 443, 664 P.2d 957 (1983)).

forth in NRS 176.035. The only exception is when a person commits another felony while "under sentence of imprisonment for committing a felony," in which case the new felony may not be aggregated with the prior felony.[5] The NRS 176.035(3) exception is not relevant to this case because Midby had not yet been sentenced at the time he committed the crimes. Nevada law is clear that the dates of sentencing are irrelevant because merely being in custody or on release for pending felonies does not fall within the meaning of "under sentence of imprisonment."[6]

The State advances two arguments in support if its contention that aggregation does not apply to consecutive sentences in separate cases. First, the State argues that the legislative history of SB 71 shows a legislative intent to not apply the statute to "sentences for offenses which are entered at different times."[7] Even if, arguendo, SB 71 was not clear on its face and required legislative interpretation, the State's quote from the Legislative Counsel's Digest is included in the context of the subsection (3) exception.[8] The State presents no other evidence that the legislature intended to include an additional exception for cases like Midby's, where a defendant is sentenced on multiple occasions for crimes not committed while under a sentence of imprisonment, and, even if it did, the clear language of the statute contradicts any such intention.

The State also argues the language "in the manner set forth in NRS 176.035" shows that separate judgements of conviction cannot be aggregated because a court acting under NRS 176.035 would not have jurisdiction to aggregate its consecutive sentence with the prior

---

[5] NRS 176.035(3).
[6] *Forbes v. State*, 96 Nev. 17, 604 P.2d 799 (1980).
[7] Resp't mot. to dismiss at 6.
[8] The full quote is: "Sections 1 and 11 provide that sentences for offenses which are entered at different times may not be aggregated. For example, a sentence for a felony that is committed while serving a sentence for another felony may not be aggregated with the earlier sentence." Petitioner's Ex. 7.

sentence.[9] This Court does not need to address the jurisdiction argument because "in the manner set forth in NRS 176.035" refers to NRS 176.035's provisions describing how to aggregate different types of sentences. For example, subsection (a) describes how to aggregate life sentences and subsection (b) describes how to aggregate sentences with minimum and maximum terms of imprisonment. Even if a subsequent court did not have jurisdiction to aggregate the sentences itself, there is nothing to suggest that NRS 213.1212 would not provide inmates the option of electing to aggregate the separate sentences. Accordingly, the court finds that the Attorney General's interpretation of NRS 176.035 and NRS 213.1212 is erroneous and that NDOC is required to honor inmates' election to aggregate consecutive sentences unless NRS 176.035(3) applies. Thus, NDOC must aggregate Midby's sentences in Cases 1 and 2.

Good cause appearing.

IT IS HEREBY ORDERED that the State's motion to dismiss is DENIED.

IT IS HEREBY FURTHER ORDERED that Midby's petition for writ of habeas corpus is GRANTED.

IT IS HEREBY FURTHER ORDERED that the State aggregate Midby's consecutive sentences in cases C252014 and C247828.

DATED this ___ day of April, 2017.

DISTRICT JUDGE

___

[9] *See resp't mot. to dismiss at 7-8.*